(No. 25053.—

THE NESTOR JOHNSON MANUFACTURING COMPANY, Appellee, *vs.* MORRIS GOLDBLATT *et al.* Appellants.

*Opinion filed June 15, 1939.*

PRITZKER & PRITZKER, and HARVEY L. HANSON, (RICHARD WEINBERGER, of counsel,) for appellants.

ZANE, TRUEBLOOD & JOHNSON, (FRANKLIN D. TRUEBLOOD, and CRAIG R. JOHNSON, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an action for solicitor's fees claimed as damages by reason of the wrongful issuance of a temporary injunc-

tion. The claim was disallowed and on appeal to the Appellate Court the decree of the superior court of Cook county was affirmed. The cause is here on leave to appeal granted.

The subject matter of this litigation arose out of a suit filed by appellee here, in December, 1927, for malicious conspiracy to injure the trade of appellee. The bill prayed perpetual injunction with an ancillary temporary injunction. The temporary injunction was issued and later, on motion of appellants, defendants to that proceeding, the chancellor dissolved it. From this order an appeal was taken to the Appellate Court and the order was reversed and the cause remanded, with directions to reinstate the temporary injunction and for a trial on the merits. On the return of the cause to the superior court, appellants here, as defendants in that proceeding, filed their answer and again moved to dissolve the temporary injunction. The motion was denied. There was added to the denial order the words: "Until the hearing of evidence on bill and answer is concluded."

The cause followed the usual course of reference to a master, who took evidence and reported recommending that appellee's claim for injunction be disallowed and that the bill be dismissed for want of equity. The chancellor sustained exceptions to this report and entered a decree granting a permanent injunction. Later, on appeal, the Appellate Court reversed this decree and the cause was remanded, with directions to dismiss the bill for want of equity. (*Nestor Johnson Manf. Co.* v. *Goldblatt*, 265 Ill. App. 188.) On refusal of a writ of *certiorari* the judgment of the Appellate Court became final.

Following the entry in the superior court of this last mandate of the Appellate Court, this claim for damages occasioned by the temporary injunction, was filed. Claim was made for damages arising out of the dissolution of the temporary injunction, including solicitor's fees, and loss of profits during the period the temporary injunction was

in force. The evidence offered by the claimants related only to attorney's fees and covered all the litigation in the case. The master recommended the claim be disallowed and the chancellor entered a decree accordingly, which, as we have stated, the Appellate Court affirmed.

No evidence as to damage to business of appellants was offered and no proof was offered separating the value of services on the main case from the services on the matter of dissolving the temporary injunction. Appellants claim that under section 12 of the Injunction act (Ill. Rev. Stat. 1937, chap. 69, par. 12, p. 1772) they are entitled to have attorney's fees assessed as damages occasioned by the issuance of the temporary injunction. Section 12 reads as follows: "Assessing Damages—Suit on Bond. In all cases where an injunction is dissolved by any court of chancery in this State, the court after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting, in writing, the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same: Provided, a failure so to assess damages shall not operate as a bar to an action upon the injunction bond."

The question is: In a case where both the final and preliminary relief sought is an injunction, and a temporary injunction has been issued, which was not dissolved *pendente lite,* and later a decree was entered on the merits of the main case dissolving the permanent injunction, and dismissing the suit, is defendant entitled to recover solictor's fees for services rendered on attempts to dissolve the temporary injunction and on defending the main case, before the chancellor and on appeals? Appellants claim here they are entitled to damages because of the issuance of a temporary injunction and say that because the chancellor, in denying their second motion to dissolve the temporary in-

junction, stated it was denied until the question of the issuance of a permanent injunction was passed upon, they are entitled to have solicitor's fees occasioned by all of the proceedings, including the final dissolution of the permanent injunction on direction of the Appellate Court.

It will be noted that the claim is based on the dissolution of the temporary injunction. Section 12 of the Injunction act relates to injunctions ancillary in character, and provides, as we have seen, that the court, after dissolving such injunction and before finally disposing of the suit, shall hear the claim for damages. By this statute the General Assembly evidently intended to provide relief against wrongful issuance of an injunction. In this case, while the chancellor dissolved the temporary injunction on the first motion of appellants, who were defendants in that suit, the Appellate Court reversed the order of the chancellor and reinstated the injunction. That the temporary injunction was rightfully issued was settled by the Appellate Court decision. Its decision became the law in the case. When the second motion to dissolve the temporary injunction was denied, appellants sought no review of that order in the Appellate Court and the order became final.

But counsel for appellants here argue that because of the language of the order which, they say, denied the motion to dissolve the temporary injunction only until the hearing of evidence on the bill and answer, the order was not a denial of their motion for dissolution but was, in fact, a continuance of that motion. We are unable to see how this language, appended to the order, can have any meaning whatever as affecting the court's refusal to dissolve the temporary injunction. Since the only purpose of a temporary injunction is to maintain *status quo* until after the hearing on the main issue, the words quoted did not limit the effectiveness of the temporary injunction. They were, in fact, meaningless. When the hearing on the merits of the case was had and completed, the decision of the chancellor was

given on the merits of the controversy in the main case and on the question whether a permanent injunction should issue. Upon the completion of testimony and the decision of that issue, the temporary injunction previously issued was not dissolved but became *functus officio*. The chancellor gave no further consideration to it but determined the issuance of a perpetual injunction on the merits. As he ordered a perpetual injunction to issue, the temporary injunction was not thereby dissolved but became merged in the permanent injunction. (*Gage* v. *Parker,* 178 Ill. 455.) Had he denied the permanent injunction, the temporary injunction, having served its purpose and expired, could scarcely be said to have been dissolved by such order. *Lambert* v. *Alcorn,* 144 Ill. 313; *Milligan* v. *Nelson,* 188 id. 139.

It does not follow that because the permanent injunction was eventually dissolved on appeal that the temporary injunction was not properly sued out. An interlocutory injunction is merely provisional in its nature and does .not conclude a right. Its effect and purpose is to keep matters *in statu quo* until the hearing or further order. An applicant for an interlocutory injunction is not required to make out a case which will entitle him, at all events, to relief at the hearing. It is enough if he can show that he raises a fair question as to the existence of the right which he claims and can satisfy the court that matters should be preserved in their present state until such questions can be disposed of. (Kerr on Injunctions, (6th ed.) p. 2.) To the same effect are the early English cases of *Shrewsbury & Chester* v. *Shrewsbury & Birmingham Railway Co.* 1 Sim. N. S. 410, and *Glascott* v. *Lang,* 3 Myl. and Cr. 455.

The claim advanced in this case differs from *Crozier* v. *Freeman Coal Mining Co.* 363 Ill. 362, and other cases cited by appellants. In the *Crozier case* the damages sought were to cover losses occasioned by the wrongful issuance of a permanent injunction. Here the claim is for attorney's fees

based on the attempted dissolution of the temporary injunction which counsel say was dissolved by the action of the Appellate Court in reversing the decree of the chancellor issuing a permanent injunction. Neither on review in the Appellate Court nor on the final disposition of the cause on the merits in the superior court, was the temporary injunction at any time mentioned. It had served its purpose and had expired when the permanent injunction was issued. What was dissolved on the order of the Appellate Court was the permanent injunction. It cannot be said, therefore, that there was a dissolution of the temporary injunction at any time, or that appellants succeeded in having it dissolved.

Under the rule announced in *Lambert* v. *Alcorn, supra,* and other cases there cited, appellants, here, cannot hope to recover for attorney's fees accruing in the matter of securing the dissolution of a permanent injunction on the ground that this was the dissolution of a temporary injunction, where, as here, they have not differentiated in their proof between services rendered in the unsuccessful attempts to secure the dissolution of the temporary injunction and those rendered in securing the dissolution of the permanent injunction. It is argued that since the only relief sought by the bill was an injunction, the entire defense was directed to the object of procuring the dissolution of the injunction sought, and, therefore, whether the one dissolved was a temporary or permanent injunction, all the services rendered may be deemed to be applicable to any phase of the case. The bill sought a perpetual injunction restraining appellants from conspiring to injure the business of appellee. The temporary injunction was merely ancillary and was a writ which appellee was at liberty to apply for. As was said in *Lambert* v. *Alcorn, supra,* and frequently announced since that time, "In a litigation of this character, the services rendered in the general defense of the suit are as clearly distinguishable from those rendered for the mere purpose of getting rid of an injunction *pendente lite,* in

case one has been issued, as they are in cases where relief of a different character is sought." In that case the single purpose of the suit was to enjoin the defendant. It can make no difference, in the application of the rule, whether the single relief of injunction is sought and a temporary injunction secured pending the disposition of the cause, or the temporary injunction is merely ancillary to a different remedy sought.

As was said by this court in *Landis* v. *Wolf,* 206 Ill. 392, where an injunction was not dissolved until the final hearing, resulting in dismissal of the bill: "This court has held in many cases that, where counsel fees are necessarily incurred in procuring the dissolution of an injunction, they may be allowed as damages, but that, where the injunction is merely ancillary to the principal relief sought by the bill, and its dissolution is only incidental to the defense made, and the counsel fees are incurred in defending the suit generally, they cannot be assessed as damages." (Citing cases.) It was also in that case said: "Where the evidence makes no discrimination between services rendered in the case generally, and services which were strictly necessary to procure a dissolution of the injunction, there is no evidence upon which the assessment of damages can be based; and, therefore, the allowance of damages in such a case cannot be sustained." Citing *Lambert* v. *Alcorn, supra.* While in the *Wolf case* remedy other than injunction was also sought, *Lambert* v. *Alcorn, supra,* relied on in the *Wolf case,* was one where the only remedy sought was an injunction.

We are of the opinion that as the temporary injunction was not dissolved, but, on the contrary, was sustained by the Appellate Court, that court, under the proof in this case, did not err in sustaining the decree of the superior court dismissing appellants' claim.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*