(No. 25190.—

Gertrude M. Schuler, Plaintiff in Error, *vs.* Albert M. Wolf *et al.*—(The Board of Education of Oak Park and River Forest Township High School District No. 200, Defendant in Error.)

*Opinion filed October 10, 1939—Rehearing denied Dec. 12, 1939.*

E. A. RIBAL, and C. O. RUNDALL, (T. N. STENSLAND, of counsel,) for plaintiff in error.

HERRICK, VETTE & PEREGRINE, for defendant in error.

Mr. JUSTICE MURPHY delivered the opinion of the court :

The plaintiff, Gertrude M. Schuler, by writ of error, seeks a review of an order of the superior court of Cook county dismissing her petition in a cause in which she sought to enjoin the defendants from further performing a contract entered into by the defendant board of education and the Oak Park Junior College. On appeal to this court on the merits a permanent injunction was awarded. (*Schuler v. Board of Education,* 370 Ill. 107.) After redocketing of the cause and the entry of the final decree directing the issuance of the permanent injunction, plaintiff filed a petition in which she alleged the filing of the complaint wherein she prayed for both a temporary and a permanent injunction. A temporary injunction was ordered and plaintiff filed a bond. The motion of the defendants to dissolve the temporary injunction was denied but, on appeal to the Appellate Court, that order was reversed and the cause remanded, with directions to dissolve the temporary injunction. The trial court executed the mandate of the Appellate Court by dissolving the temporary injunction and defendant board of education herein filed a suggestion of damages for the wrongful issuance thereof. It is alleged that during the pendency of the appeal to the Appellate Court, defendants filed a motion to dismiss the complaint for failure to state a cause of action. This motion was allowed April 8, 1938, and plaintiff appealed direct to this court, there being a constitutional question involved. It is also alleged that April 8, 1938, damages were assessed against the plaintiff in favor of the defendant board of education for $1065.96, and that during the pendency of the appeal to this court on the merits plaintiff paid the judgment for

damages. The prayer of the petition is that the order entered April 8, 1938, assessing damages for the wrongful issuance of the temporary injunction, be vacated. On defendants' motion, the petition was dismissed and plaintiff has requested this court to reverse that judgment. Defendant in error has filed a motion to dismiss the writ of error asserting this court lacks jurisdiction to entertain a writ of error to review this judgment. The motion was taken with the case.

Plaintiff concedes the Civil Practice act does not contain an express provision authorizing this court to review this record by writ of error. She does contend that section 8 of article 6 of the constitution authorizes assumption of jurisdiction herein by writ of error. The constitution of 1848 divided the State into three grand divisions and directed the Supreme Court to hold at least one term of court annually in each grand division. The present constitution follows the same division and by section 8 of article 6 directs that appeals or writs of error may be taken to the Supreme Court in the grand division in which the case is decided or, by consent of the parties, to any other grand division. This section merely designated the grand division to which appeals or writs of error might be taken in the exercise of the appellate jurisdiction conferred by other constitutional provisions or by statutory enactments.

Plaintiff also urges that the order dissolving the temporary injunction was provisional in its character, in that its ultimate validity and enforcement was subject to the final decree entered on the merits. She predicates this upon the proposition the mandate of this court awarding a permanent injunction establishes that the temporary injunction was wrongfully issued and the decree on the merits nullifies the order assessing damages. Section 7 of the Courts act of 1874 (Ill. Rev. Stat. 1937, chap. 37, par. 12) is referred to as furnishing the basis for that contention. That section vests this court with power and authority to

carry into complete execution all its judgments, decrees and determinations in matters within its jurisdiction according to the rules and principles of the common law and of the laws of the State. For that section to have application it would be necessary to hold that the adjudication of the suit on its merits also decided that the order dissolving the temporary injunction and assessing damages was erroneously entered. There is a marked distinction between the issue presented on an application for a temporary injunction, or on a motion to dissolve such, and the one where the cause is being heard on the merits. On the application for a temporary injunction, or a motion to dissolve, it is only necessary that the party in whose favor the restraining order is sought show, in the statement of his case on the merits, that he raises a fair question as to the existence of his rights. He must claim and satisfactorily show to the court that the matter out of which his asserted rights arise should be preserved and held *in statu quo* until the cause can be disposed of on its merits. (*Nestor Johnson Manf. Co.* v. *Goldblatt,* 371 Ill. 570.) The temporary injunction is provisional in character, in the sense it becomes *functus officio* when the cause is disposed of on its merits. Whether it was properly or wrongfully issued or dissolved is not dependent on the ultimate settling of the rights of the parties in a hearing on the merits. In the *Nestor Johnson Manf. Co. case* we said: "It does not follow that because the permanent injunction was eventually dissolved on appeal that the temporary injunction was not properly sued out." In the instant case, the fact that a permanent injunction was issued because of the merits of the cause. does not determine that the order dissolving the temporary injunction was erroneous. The judgment of the Appellate Court directing the dissolution of the temporary injunction, and the order of the trial court entered pursuant to that mandate, is conclusive that the temporary injunction was wrongfully issued. (Ill. Rev. Stat. 1937, chap. 110, par.

202; *Babcock* v. *Chicago Railways Co.* 325 Ill. 16.) In its review the Appellate Court was limited in its inquiry to the question whether the plaintiff's showing was sufficient to sustain the order of the trial court overruling the motion to dissolve. The actual merits of the cause were not before the Appellate Court and were not adjudicated on that appeal. When the temporary injunction was dissolved defendant board of education had the right under section 12 of the Injunction act (Ill. Rev. Stat. 1937, chap. 69, par. 12) to file a suggestion of damages and, if the evidence warranted, to have the same assessed, even though the case had not at that time been disposed of on the merits. (*Shackleford* v. *Bennett,* 237 Ill. 523; *People* v. *Eisenberg,* 288 id. 304; *Abel* v. *Flesher,* 296 id. 604.) The appeal to this court on the merits did not bring for review anything that was involved on the appeal to the Appellate Court or in the judgment assessing damages. The motion to dissolve the temporary injunction and the one to dismiss the complaint for want of equity were directed against the same pleading, but this did not merge the issues raised by the two motions so that the question of the wrongful issuance of the temporary injunction was in any way dependent for its solution upon the final decree on the merits.

Reference is made to section 8 of the Courts act of 1874. (Ill. Rev. Stat. 1937, chap. 37, par. 13.) This section is not applicable because the authority therein vested in this court to issue writs of error and other writs is limited to those cases in which it has jurisdiction.

Plaintiff urges that if we conclude a writ of error was the wrong method of procedure then our rule 28 (369 Ill. 29) would compel the court to treat the case as though it had come here by appeal. The rule applies to cases where the court has jurisdiction to pass upon a case by a certain method of procedure but the party bringing the case for review has improvidently employed the wrong method. It

does not apply where the court to which the cause has been taken has no jurisdiction to review either by appeal or error.

Plaintiff's final contention is that if this court concludes it has no jurisdiction, then the cause should be transferred to the Appellate Court. The order sought to be reviewed by writ of error was the order of dismissal of plaintiff's petition and the only relief prayed for in the petition was to vacate and set aside the order assessing damages for the wrongful issuance of the temporary injunction. To grant the prayer of plaintiff's petition would be to review the question whether the judgment assessing damages was erroneously entered. There was no appeal from the order assessing damages and it became conclusive upon the question of the wrongful issuance of the temporary injunction. A transfer to the Appellate Court is impossible.

This court not possessing the jurisdiction to review by writ of error the action of the superior court in dismissing plaintiff's petition to vacate the prior order assessing damages, the motion of defendant in error to dismiss the writ of error is allowed.

*Writ dismissed.*