**Harold W. DEEM, Plaintiff,**

v.

**AERO MAYFLOWER TRANSIT CO.,**
**Defendant.**

**No. 20647.**

United States District Court
S. D. California,
Central Division.

May 28, 1959.

Harold W. Deem, in pro. per.

Gordon, Knapp, Gill & Hibbert, Los Angeles, Cal., for defendant.

HALL, District Judge.

This is one of the increasingly numerous proceedings commenced in this court by laymen without legal training or education, acting in propria persona.

The complaint was designated "An Action for Trespass, Conversion and Damages." It was filed October 26, 1956. It is scarcely intelligible, but demanded the return of personal effects (the value of which is not alleged) and damages in the sum of $75,000 "measured by the disturbance" which "disturbance and consequential damages" are elsewhere alleged to amount to $250,000.

A motion to dismiss, on the ground of lack of jurisdiction, was denied on December 3, 1956, but the motion to dismiss for failure to state a claim was granted, with plaintiff given 20 days to amend the complaint.

Instead of filing an amended complaint, plaintiff filed various documents, also unintelligible, but which resulted in an Order on January 21, 1957, that plaintiff be allowed 30 days to file an amended complaint.

On February 6, 1957, he filed a document entitled "Amended Complaint in Propria Persona non-attorney mechanical substance and form. Supporting Points and Authorities." It also stated it was "An action for trespass, conversion, and damages." It quotes at length from "Frasers Cases and Readings on Property, Third Edition" and "Watkins on Shippers and Carriers, Fourth Edition;" alleges the value of the property to be $18,000, and "personal injury damages in the sum of Seventy Five Thousand dollars ($75,000.00) measured by the disturbance to the plaintiff." It failed to allege either the date of the alleged trespass or conversion, or that plaintiff was the owner of the property and entitled to its possession, which had been pointed out to him as necessary to state a cause of action, by the Court on December 3, 1956. Nor was diversity alleged.

The defendant filed a Motion to Dismiss on February 26, 1957, which was continued from time to time to May 6, 1957, along with a motion by plaintiff for summary judgment, which he filed on March 19, 1957. The Court urged plaintiff to secure the service of counsel, but he has not done so. On May 6, 1957, the Motion to dismiss was submitted, and the Motion for summary judgment was submitted. It was kept under submission until November 15, 1957, in the hope that he would secure counsel who would file some intelligible pleading. In the meanwhile, plaintiff continued to file various documents.

On November 15, 1957, the Motion for summary judgment was denied, and the Motion for judgment of dismissal without leave to amend was granted, and formal judgment to that effect was entered November 25, 1957.

On December 24, 1957, plaintiff filed a document entitled "Notice of Motion—Error of Court—Appeal—Order—Consolidated to save time and money." It also stated it was "An action for trespass, conversion and damages."

On January 2, 1958, plaintiff filed a similar document entitled "Notice of Motion—*Error of Court—Appeal—Order—*

Consolidated to save time and money." It also stated it was "An action for trespass, conversion and damages." Neither of these documents follow any recognized or recognizable form of pleading or motion. But the Court treated them as a Motion to vacate the Order of Dismissal, and denied them.

Since then plaintiff has filed numerous documents under various titles, letters and copies of letters of threatening tone and nature sent to defendant and defendant's counsel.

On April 7, 1959, defendant filed a Motion under Local Rule 3(f) [1] for the imposition of sanctions permitted under that Rule.

■ While the Court "has always judged petitions drawn by laymen * * with liberality" [Smith v. United States, 9 Cir., 1958, 259 F.2d 125, 127],[2] there comes a time when litigants with legitimate controversies are entitled to claim the time and energies of the court, as against groundless, repeated proceedings by incompetent laymen who file matters and calendar them as a sounding board for fancied grievances, forcing parties to appear repeatedly, and consuming an immeasurable amount of the time of the court and other legitimate litigants in listening to rambling and unintelligible statements.

To permit it to continue does not result in the protection of poor litigants, but results in a mockery of justice.

■ Rule 83 of the Federal Rules of Civil Procedure authorizes the District Court to prescribe local rules not inconsistent with the Federal Rules of Civil Procedure. Rule 12(f) of the Federal Rules of Civil Procedure permits the striking of redundant, immaterial, impertinent and scandalous matter. The whole tenor of the Federal Rules of Civil Procedure is not to encourage unfounded litigation, but to bring it to an end.

■ Local Rule 3(f) is thus not inconsistent with either the Judicial Code or the Federal Rules of Civil Procedure, and it is a valid exercise of the rule-making power.

■ In view of the unfounded harassment of defendant by the plaintiff, the requirement requested on its Motion for payment of $300 attorney's fees, and the direction to the Clerk that no other matters be accepted for filing by the Clerk from the plaintiff entitled in or relating to the above matter is reasonable, and

It is so ordered.

1. "Penalties: The presentation to the court of unnecessary motions, and the unwarranted opposition of motions, which in either case unduly delays the course of an action or proceeding through the courts, or failure to comply fully with this rule, subjects an offender, at the discretion of the court, to appropriate discipline, including the imposition of costs and attorney's fees to opposing counsel." West's Ann.Cal.Code.

2. Ten years after conviction for bank robbery and affirmance thereof by the United States Court of Appeals, Smith filed a proceeding under 28 U.S.C. § 2255 charging, among other things, incompetence of his counsel, use of perjured testimony, and his mental incompetence at the time of trial. This petition was in pro per, it was unverified, descended to no particulars, and stated that he was "now confined as a mental patient in the United States Medical Center for Federal prisoners, Springfield, Mo." The Trial Court denied the petition, but the United States Court of Appeals reversed, requiring the Trial Court to thus hold a hearing on an unverified petition made by a man who was admittedly confined as insane.

In view of that opinion, it is difficult to know just how boundless the "liberality" accorded laymen in drawing their pleadings may be. But it should stop somewhere.