Gloria **PARKER**, Plaintiff-Appellant,

v.

**COLUMBIA BROADCASTING SYSTEM, INC.**, et al., Defendants-Appellees.

United States Court of Appeals
Second Circuit.

Argued July 30, 1963.

Decided Aug. 5, 1963.

**938**

Gloria Parker, pro se.

Ralph L. McAfee, of Cravath, Swaine & Moore, New York City, for appellees.

Before LUMBARD, Chief Judge, and HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

In this stockholder's suit to set aside the results of the 1963 annual stockholders' meeting of the Columbia Broadcasting System, plaintiff moved for judgment on the pleadings, and in support of her motion, filed an unsworn "memorandum" containing allegations of fraud and misconduct by appellees and their counsel. On defendants' motion, the district court ordered plaintiff to show cause why this document should not be stricken from the files as a wilful abuse of process and why the complaint should not be dismissed, and the plaintiff held in contempt. In addition, the court ordered

"[T]hat plaintiff, her agents, advisers, experts, employees and all other persons or entities acting for or on behalf of plaintiff or with her knowledge and consent be, and the same hereby are enjoined and restrained until the entry of a final or-

der on this motion from in any way publishing, disseminating, publicizing or otherwise promulgating to any person or entity all or any portion of the document * * * or any of the matters contained therein, and communicating with any person or entity with respect thereto, except that nothing herein shall prevent plaintiff from serving and filing any affidavits and briefs as set forth below and, in connection therewith, from retaining any attorney duly admitted to practice and, in connection therewith, making to him any disclosures in respect of such document or the matters therein contained."

Plaintiff appeals from so much of the order as we have quoted.

■ Appellee urges that the order is a temporary restraining order, Fed.R. Civ.P. 65(b), and therefore not appealable. Grant v. United States, 282 F.2d 165 (2d Cir., 1960). We hold that the order is in the nature of a preliminary injunction, and therefore appealable under 28 U.S.C. § 1292(a)(1). See Pan American World Airways, Inc. v. Flight Engineers' Int'l Ass'n, 306 F.2d 840, 843 (2d Cir., 1962).

■ Insofar as the order enjoins appellant from "in any way publishing, disseminating, publicizing or otherwise promulgating to any person or entity all or any portion of the document", we hold that, in view of the nature of the document, the order was properly issued under the inherent "equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustice." Gumbel v. Pitkin, 124 U.S. 131, 144, 8 S.Ct. 379, 383–384, 31 L.Ed. 374 (1888); see, 1 Moore, Federal Practice ¶ 0.60[6] (2d ed. 1961); cf. Pueblo de Taos v. Archuleta, 64 F.2d 807, 813 (10th Cir., 1933); Rudnicki v. McCormack, 210 F.Supp. 905, 908–912 (D.R.I.1962), appeal dismissed, Rudnicki v. Cox, 372 U.S. 226, 83 S.Ct. 679, 9 L.Ed.2d 714 (1963); Deem v. Aero Mayflower Transit Co., 24 F.R.D. 16 (S.D.Cal.1959); Pollack v. Aspbury, 14 F.R.D. 454 (S.D.N.Y.1953),

cert. denied, 348 U.S. 903, 75 S.Ct. 228, 99 L.Ed. 709 (1954).

However, the order also enjoins appellant from communicating with any person with regard to any "matters contained" in the memorandum. This part of the order is repugnant to the First Amendment to the Constitution, Crosby v. Bradstreet Co., 312 F.2d 483 (2d Cir., 1963); cf. Near v. Minnesota ex rel. Olson, 283 U.S. 697, 51 S.Ct. 625, 75 L.Ed. 1357 (1931), and to historic principles of equity. American Malting Co. v. Keitel, 209 F. 351 (2d Cir., 1913); Kuhn v. Warner Bros. Pictures, Inc., 29 F.Supp. 800 (S.D.N.Y.1939). The following must therefore be stricken from the order:

> "or any of the matters contained therein, and communicating with any person or entity with respect thereto."

Modified and affirmed.