(No. 45051.

BOHN ALUMINUM & BRASS COMPANY, Appellee, v. LEWIS BARKER, Appellant.

*Opinion filed October 1, 1973.*

RYAN, J., and UNDERWOOD, C.J., dissenting.

HAROLD A. KATZ, IRVING M. FRIEDMAN and ZENIA S. GOODMAN, all of Chicago (HARRY G. FINS, of counsel), for appellant.

ROBERT L. GIBSON, of Paris, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The defendant, Lewis Barker, appealed from an order of the circuit court of Cass County issuing a temporary restraining order and from an order of that court denying the defendant's motion to dissolve it. The Appellate Court for the Fourth District, with one justice dissenting, dismissed the appeal, holding that these orders were not appealable under Rule 307 (50 Ill.2d R. 307). (3 Ill. App. 3d 600.) We granted leave to appeal.

On May 5, 1970, a labor dispute was in progress at the plaintiff's manufacturing plant near Beardstown. On that date, the plaintiff filed a verified complaint for permanent injunction, temporary restraining order, and preliminary injunction, charging the defendant and the members of the

labor union with certain acts of intimidation and violence and with preventing ingress to and egress from the plaintiff's plant. On the same date the plaintiff also filed a motion for a temporary restraining order supported by an affidavit and a motion for preliminary injunction. On the day the pleadings were filed, the court, without notice to the defendant, issued a temporary order restraining the defendant and members of the union from interfering with ingress to or egress from the plaintiff's plant and from threatening and intimidating employees of plaintiff or other persons in specific ways. No bond was required of the plaintiff.

The temporary restraining order provided that it would expire on May 15, 1971, unless extended by order of the court for good cause shown. At the same time that the court issued the restraining order it also set the motion for preliminary injunction for hearing on May 14, and directed that notice of the hearing be given to the defendant. On May 13 the defendant filed his motion to dissolve the restraining order. On May 14 the court, on the defendant's motion, continued until 8:30 A.M. on May 19 the hearing on the motion for preliminary injunction and set the motion to dissolve the restraining order for hearing at the same time. The court also ordered that the restraining order should remain in effect until that time but should then expire unless further extended. On May 19, after hearing argument of counsel, the court denied the motion to dissolve the restraining order. The order was not further extended, however, and it thus expired at that time. No action is shown by the record to have been taken as to the motion for preliminary injunction.

The defendant maintains that the temporary restraining order was appealable under Rule 307(a), which provides: "An appeal may be taken to the Appellate Court from an interlocutory order of court (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." We agree, and therefore the judgment of

the appellate court must be reversed. Before discussing the ground for reversal, it is appropriate to mention that, before the appellate court, the parties, at the court's request, filed supplemental briefs addressed to the question whether the appeal had been made moot by the expiration of the restraining order. While the majority opinion does not discuss that issue, it is apparent that the appellate court concluded that the case was not moot, since the case was disposed of on the ground of nonappealability. The plaintiff has not renewed its claim of mootness in this court.

From its enactment in 1874 until 1967 the Injunction Act referred to injunctions generally, without explicitly distinguishing between permanent and temporary injunctions and without making specific provision for the latter. Some provisions of the Act, however, such as sections 8, 9, and 12 (Ill. Rev. Stat. 1965, ch. 69, pars. 8, 9, 12), which deal with injunction bonds and with damages for the wrongful issuance of an injunction, could only have been applicable to preliminary, as opposed to permanent, injunctions (*Chicago Title & Trust Co. v. De Lasaux, 336 Ill. 522, 529-30; Schien v. City of Virden, 5 Ill.2d 494, 503; House of Vision, Inc. v. Hiyane, 42 Ill.2d 45, 49*), thus evidencing a legislative intention that such relief might be awarded. The same intention was disclosed by section 3 (par. 3), which forbade the granting of an injunction without previous notice to the adverse party unless it appeared from the complaint or from an accompanying affidavit that "the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without notice." For many years trial courts in this State have entertained applications for preliminary injunctions, referring to them, interchangeably, as preliminary injunctions, temporary injunctions, interlocutory injunctions, restraining orders, and interlocutory orders. *Baird v. Community High School Dist. No. 168, 304 Ill. 526, 529; People ex rel. Chicago Bar*

*Ass'n v. Standidge, 333 Ill. 361, 362, 364; Schuler v. Wolf, 372 Ill. 386, 389; Almon v. American Carloading Corp., 380 Ill. 524, 529; Centennial Laundry Co. v. West Side Organization, 34 Ill.2d 257, 261; Cohen v. Sparberg, 316 Ill. App. 140, 141; Northern Illinois Coal Corp. v. Langmeyer, 340 Ill. App. 423, 429.*

Since 1887, when legislation was enacted making certain interlocutory orders appealable (Laws of 1887, p. 250), review by the appellate court of an order granting a preliminary injunction or overruling a motion to dissolve it has been available, formerly under section 123 of the Practice Act of 1907 (Laws of 1907-08, p. 409) and section 78 of the Civil Practice Act of 1933 (Ill. Rev. Stat. 1935, ch. 110, par. 206). Prior to 1955 an order allowing a motion to dissolve a preliminary injunction was not appealable (*American Dixie Shops, Inc., v. Springfield Lords, Inc., 8 Ill. App. 2d 129, 135*), but in that year section 78 was broadened to permit review of orders granting, modifying, refusing, dissolving, and refusing to dissolve a preliminary injunction. (Laws of 1955, p. 2277.) Section 78 was repealed in 1963 (Laws of 1963, p. 2691), but its provision for interlocutory review of preliminary injunctions was preserved in a rule of this court, which currently appears as Rule 307. No question appears ever to have been made as to the appealability of such orders, and, as we understand its position, the plaintiff here does not contend that if the order of the circuit court had worn the tag of "preliminary injunction" the appellate court would have lacked the power to review it.

Prior to the 1967 amendment of the Injunction Act it had been recognized that in determining what constitutes an injunction order subject to interlocutory review the courts would look to the substance rather than to the form. (*Valente v. Maida, 24 Ill. App. 2d 144, 149.*) In *Valente* an order staying proceedings in a case pending the rendition of judgment in a related case was treated as a reviewable order, notwithstanding that the order used the

term "stay" rather than "injunction." The same conclusion was reached with respect to an interlocutory appeal from an order denying a motion for a stay of proceedings pending arbitration of the claim in controversy. (*School Dist. No. 46 v. Del Bianco, 68 Ill. App. 2d 145; Applicolor, Inc. v. Surface Combustion Corp., 77 Ill. App. 2d 260.*) The *Valente* case was also followed in *Wiseman v. Law Research Service, Inc., 133 Ill. App. 2d 790,* where the trial court denied a motion to stay proceedings until the conclusion of an appeal in a different case. Although the defendant in *Wiseman* apparently did employ the word "enjoin" as well as "stay", the appellate court commented, "Even if defendant had not used the open-sesame word 'enjoin' to invoke this rule [i.e., Rule 307], the words 'stay' and 'restrain' mean about the same and had a 'stay' alone been allowed its effect would have been to 'enjoin' further proceedings. 133 Ill. App. 2d at 791.

The term "temporary restraining order" was introduced into the Injunction Act in 1967 by an amendment which added a new section, numbered 3—1, that prescribed the conditions for the issuance of such an order without notice. (Laws of 1967, p. 2715, Ill. Rev. Stat. 1967, ch. 69, par. 3—1.) The same legislation also amended section 9, which relates to injunction bonds, so as to provide for such a bond in connection with a temporary restraining order as well as a preliminary injunction, and clarified section 3 by inserting the word "preliminary" before the word "injunction."

The language of section 3—1 is patterned after, although it does not follow verbatim, the language of Rule 65(b) and 65(d) of the Federal Rules of Civil Procedure. The Federal courts have drawn a distinction between a temporary restraining order and a preliminary injunction. The latter is held to be appealable under the statutory provisions permitting appeals from interlocutory orders granting, refusing, dissolving, or refusing to dissolve an injunction (28 U.S.C. sec. 1292(a)). A corresponding

ruling with respect to a temporary restraining order is ordinarily held not to be appealable. See Moore, Federal Practice, par. 110.20[5] (2d ed.).

There are decisive differences between the setting of Federal Rule 65(b) and that of section 3–1 of the Injunction Act, however, which defeat any argument that the enactment of that section imported into our practice the Federal doctrine of nonappealability. Rule 65(a)(1) provides, "No preliminary injunction shall be issued without notice to the adverse party." Rule 65(b) then affirmatively grants a power to issue a temporary restraining order without notice, but goes on to set various limits upon its issuance. In the context of the Federal rules, therefore, the *ex parte* restraining order stands clearly as a separate and distinct device for securing interim relief which would otherwise be precluded by the notice requirement in Rule 65(a)(1). In contrast, sections 1 and 3 of the Injunction Act, both before and after 1967, have permitted the issuance of preliminary injunctions with or without notice. There was no gap which required filling by the creation of a new type of judicial order.

The first sentence of section 3–1 provides:

> "No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon."

Section 3, as amended in 1967, contains very similar language:

> "No court or judge shall grant a preliminary injunction without previous notice of the time and place of the application having been given the adverse party unless it clearly appears, from specific facts shown by the verified complaint or by affidavit accompanying the same, that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon."

Section 3 and section 3—1 thus cover much the same ground, but the latter prescribes more rigorously and in greater detail the proof of injury which must be made, and it sets a maximum time during which the defendant may be restrained when the restraining order is obtained *ex parte*. It has been suggested that the failure of the legislature to repeal section 3 leaves an applicant for interim relief the option of proceeding under that section and thereby avoiding whatever additional requirements are imposed by section 3—1. (Schiller, Injunctive Relief Without Notice—Preliminary Injunction or Temporary Restraining Order, 52 Chi. Bar Rec. 304 (1971); *cf.* O'Brien, Chancery Practice: Injunctions and Emergency Relief, 54 Chi. Bar Rec. 21, 23-24 (1972).) That is a point which we need not decide in this case. If the two sections offer alternative methods of proceeding, then to hold that an order entered under section 3—1 is nonappealable would give the plaintiff an election to foreclose the defendant from an interlocutory appeal, a result which would be anomalous and unfair. If, on the other hand, section 3—1 is to be read as imposing additional require-ments of proof which must be met by all applicants for *ex parte* interim relief, however denominated, that hardly argues in favor of eliminating a right of interlocutory appeal designed to safeguard the interests of the defend-ant. On either hypothesis, the question of appealability turns on whether the order under consideration falls within the provision of Rule 307(a)(1). Whether the order is captioned as a preliminary injunction or a temporary restraining order, it constitutes a restraint upon the defendant which is essentially injunctive in character.

One of the considerations underlying the Federal doctrine making temporary restraining orders nonappeal-able is that an appellate court should not be called upon to review an order issued *ex parte,* since the trial judge will have had the opportunity to hear but one side of the case. (See *Connell v. Dulien Steel Products, Inc. (5th Cir. 1957),*

*240 F.2d 414, 418.*) Such a situation cannot arise under Rule 307, for paragraph (b) of that rule requires that a party intending to take an appeal from an interlocutory order entered on an *ex parte* application shall first present, on notice, a motion to vacate the order, a procedure which was followed in the present case. (Under Federal Rule 65(b) one may seek to dissolve or modify a restraining order but of course he need not do so.) As stated by the appellate court in discussing a rule of court establishing the same procedure, the purpose of the rule is "to prevent appeals from orders entered under circumstances indicating only partial and one-sided consideration." (*City National Bank and Trust Co. v. Davis Hotel Corp. 280 Ill. App. 247, 251.*) That objection to appealability was eliminated here by the defendant's motion to vacate the order.

In its opinion the appellate court stresses the short period of time for which a temporary restraining order can remain operative, noting that the limit of twenty days would as a practical matter preclude a decision on appeal prior to the expiration of the order. That is a factor which is also mentioned in the *Connell* case cited above as supporting the Federal doctrine of nonappealability. We do not find this consideration persuasive. During the time when it remains in effect a restraining order could work substantial injury upon the defendant, injuries for which he should be entitled to recover damages if the order was wrongfully issued.

However, this court has held, in the case of preliminary injunctions, that no damages may be recovered by the defendant if the injunction has not been dissolved, since the refusal of the trial court to grant a motion to dissolve amounts to an adjudication that the injunction was not wrongfully issued, regardless of whether a permanent injunction is ultimately either granted or denied. (*Schien v. City of Virden, 5 Ill.2d 494; Stein v. Green, 6 Ill.2d 234; cf. Nestor Johnson Mfg. Co. v. Goldblatt, 371*

*Ill. 570; Schuler v. Wolf, 372 Ill. 386.*) To hold that the refusal to dissolve a temporary restraining order is not appealable under Rule 307 would similarly preclude the defendant from applying for an award of damages. We may add that here the defendant would be completely foreclosed from any relief, since no bond was required of the plainitff. The failure to require a bond was, indeed, one of the grounds on which the defendant bases his claim that the restraining order was improperly issued.

It appears there have been only two reported decisions involving interlocutory appeals under Rule 307(a)(1) since the 1967 amendment to the Injunction Act. One is *People ex rel. Pollution Control Board v. Lloyd A. Fry Roofing Co., 4 Ill. App. 3d 675.* There the Board, after issuing a cease and desist order against the roofing company, filed a complaint in the circuit court for an injunction and also a motion for a temporary restraining order, both designed to secure compliance with its cease and desist order. Prior to the filing of the complaint on December 14, 1971, the defendant had filed a petition directly to the appellate court for review of the plaintiff's administrative order. Subsequent to the filing of the complaint in the circuit court, the defendant had moved in the appellate court proceeding for an order staying the plaintiff's cease and desist order, a motion which was later denied.

When the circuit court denied the plaintiff's motion for a temporary restraining order, the plaintiff took an appeal to the same appellate court, and the defendant moved to dismiss the appeal on the ground that the circuit court's order was not appealable under Rule 307. The appellate court, without considering Rule 307, denied the motion on the ground that the refusal to grant a restraining order was reviewable as a final judgment under Rule 301, since the refusal "had the effect of determining substantial rights of the parties which will be irreparably lost if review is delayed." (4 Ill. App. 3d at 680.) This result was reached in reliance upon *United States v. Wood*

*(5th Cir. 1961), 295 F.2d 772,* a case arising under the Federal statute relating to appeals from final judgments (28 U.S.C. sec. 1291). We are, of course, not concerned here with the applicability of the principle announced in the *Wood* case to the particular facts of the *Pollution Control Board* case.

The second case dealing with the reviewing of restraining orders is *County of Cook v. Ogilvie, 50 Ill.2d 379.* While the issue of appealability is not discussed in the opinion, an examination of the briefs discloses that the case reached us under Rule 302(b) as a case requiring expeditious determination, and that no motion was made to dismiss the appeal as unauthorized under Rule 307. The decision left open the question now presented.

For the reasons given, the judgment of the appellate court is reversed, and the cause is remanded with directions to deny the motion to dismiss the appeal.

*Reversed and remanded,*
*with directions.*

MR. JUSTICE RYAN, dissenting:

In my opinion the General Assembly by the 1967 amendment to the injunction statute which added section 3—1 intended to create a system of injunctive relief in Illinois similar to that prevailing in the Federal courts. (See *People ex rel. Pollution Control Board v. Frey Roofing Co., 4 Ill. App. 3d 675.*) By the amendment a three phase system of relief was established: (1) A temporary restraining order which could issue without notice and which would be of short duration and preserve the *status quo* until a preliminary injunction could be procured; (2) a preliminary injunction which would preserve the *status quo* until the determination of the merits of the controversy; (3) a permanent injunction which would issue only after the merits of the issue had been decided.

The opinion of this court has abolished one of the accepted features of a temporary restraining order as it is known in Federal practice and in other jurisdictions; that

is, it's nonappealability. I fear that the effect of the opinion will be to obliterate the distinction between a temporary restraining order and a preliminary injunction in Illinois. I can see no reason why appeals should lie from the issuance of temporary restraining orders in Illinois while it is generally accepted that appeals will not lie from such orders in the Federal courts or in other jurisdictions.

Prior to 1967 in Illinois there was no provision in the injunction statute (Ill. Rev. Stat. 1965, ch. 69, par. 1 *et seq.*) for the issuance of a preliminary injunction or a temporary restraining order. Section 3 of the statute at that time referred only to injunctions without reference to whether the statute applied to permanent or preliminary injunctions. However, the practice developed of issuing a preliminary injunction to preserve the *status quo* of the subject matter of litigation until a determination of the merits of the controversy could be had. (21 I.L.P., Injunctions, secs. 4 and 12.) Although these writs were actually preliminary injunctions and served the function of such a writ, because of loose terminology they were variously referred to as preliminary injunctions, temporary injunctions, temporary restraining orders and other similar terms. The language used in the decrees was likewise not consistent and often "enjoined," "stayed," or "restrained" certain activities. The effect of the writ, however, was to preserve the *status quo* until a determination could be had on the merits of the case, the function of a preliminary injunction, and its issuance was appealable as to interlocutory order.

In 1967 the General Assembly amended the injunction statute by making section 3 applicable only to preliminary injunctions and by adding a new section 3–1 which provides for temporary restraining orders. The language of the first two paragraphs of the new section 3–1 is identical to the language of Rule 65(b) of the Federal Rules of Civil Procedure prior to the amendment of that rule in 1966.

Some confusion has been created by the fact that the General Assembly, in providing for a preliminary injunction in the 1967 amendment instead of adopting the language of Rule 65(a) of the Federal Rules of Civil Procedure, which simply states "No preliminary injunction shall be issued without notice to the adverse party", attempted to keep most of the language of the old section 3 of our injunction statute. The net result is that our statute now authorizes both a temporary restraining order and a preliminary injunction to be issued without notice. However, the statute preserves the distinctive characteristics of the traditional temporary restraining order in section 3–1, which, as indicated later in this dissent, renders such an order nonappealable and distinguishes it from a preliminary injunction which is appealable. These characteristics are: it may issue *ex parte;* it is of short duration; and it is intended to remain in effect only until a hearing can be held on a motion to issue a preliminary injunction.

The temporary restraining order under consideration fits into this traditional pattern. It was issued without notice and without a hearing. It provided that it would remain in effect until May 15 (within the 10-day period provided by statute) and it was continued in effect until May 19 (again within the allowable statutory extension period). Both the original expiration date and the extended date were correlated with the hearing and the continuance of the hearing on the motion for preliminary injunction. On May 19 there was no further extension of the temporary restraining order and on that date it expired.

I agree that merely labelling an order "temporary restraining order" does not make it nonappealable under our Rule 307 if the order is in fact a preliminary injunction. The courts will look to the substance and effect of the order in determining its appealability. Although the general rule is held to be that a temporary

restraining order is not appealable, the courts have held that the label will be disregarded and an order held to be appealable when it is not for a fixed duration prescribed by statute but is for an indefinite period (*Parker v. Columbia Broadcasting System, Inc. (2d Cir. 1963), 320 F.2d 937*) or where on expiration of the time prescribed in the statute the order is continued in effect for an extended period of time. (*Connell v. Dulien Steel Products (5th Cir. 1957), 240 F.2d 414; Pan American World Airways, Inc. v. Flight Engineers' International Ass'n (2d Cir. 1962), 306 F.2d 840.*) And generally the court will look "beyond teminology to the actual content, purport, and effect" of the order to determine whether it is a temporary restraining order and not appealable or a preliminary injunction and appealable. *Smith v. Grady (5th Cir. 1969), 411 F.2d 181.*

Our Rule 307 provides for interlocutory appeals from orders "granting, modifying, refusing, dissolving or refusing to dissolve or modify an injunction." The statutory provisions governing interlocutory apppeals in Federal cases provides that appeals may be taken from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions ***." (28 U.S.C.A. sec. 1292.) In view of the similarity between the Illinois and Federal provisions concerning interlocutory appeals and between the Illinois and Federal provisions concerning temporary restraining orders, previously discussed, there would appear to be no reason why we should reach a contrary result with regard to appealability from that universally followed by the Federal courts. It is well established in Federal cases that an appeal will not lie from an order granting the issuance of a temporary restraining order. See Wright and Miller, Federal Practice and Procedure, Civil, sec. 2962.

There is nothing about the temporary restraining order in this case which requires that it be considered to be a preliminary injunction. Under the Federal authority

cited and the decisions of other jurisdictions (see cases collected in an annotation in 19 A.L.R. 3d 403), such orders are not appealable.

The opinion of the court indicates that section 3 which provides for the issuance of a preliminary injunction without notice, and section 3–1 which provides for the issuance of a temporary restraining order without notice presents alternate methods of obtaining preliminary injunctive relief, thereby placing it within the power of the plaintiff to foreclose the defendant from the right to an interlocutory appeal if a temporary restraining order issued under section 3–1 is held to be nonappealable. This conclusion does not recognize the fact that a preliminary injunction issued under section 3 with or without notice remains in effect until the case is determined on its merits unless sooner dissolved. By contrast, the restraint imposed by a temporary restraining order issued without notice under section 3–1 is limited to a 10-day duration unless extended for a like period of time by order of the court. The relief obtainable under the two sections is not the same, and the plaintiff, therefore, does not have the option which the court's opinion indicates. If an order issued under section 3–1, although labeled temporary restraining order, actually performs a function beyond the traditional scope of such an order, then it is in effect not a temporary restraining order but a preliminary injunction and is appealable. See 19 A.L.R. 3d 403 at 444; 42 Am. Jur. 2d, Injunctions, sec. 14.

Furthermore, if the temporary restraining order is issued following a notice and hearing I would conclude that the order would generally be appealable because in that case the court would have had an opportunity to consider the merits of the question before it. See Wright and Miller, Federal Practice and Procedure, Civil, sec. 2962; see also 19 A.L.R. 3d 403, 444.

If following a hearing on a motion to dissolve a temporary restraining order (referred to in the opinion of

this court as an opportunity provided by our Rule 307(b) for the court to consider both sides of the controversy) the court denies the motion to dissolve and continues the order in effect so that it actually performs the function of a preliminary injunction, then we are not concerned with the propriety of the issuance of the original order but with the order extending it. The effect of such an extension may be to change the original temporary restraining order to a preliminary injunction. Such an order would then be appealable. *New York Telephone Co. v. Communication Workers of American (2d Cir.), 445 F.2d 39,* at 46; see also 19 A.L.R. 3d 403, at 444, 445.

Also if the hearing on the motion to dissolve the restraining order and the hearing on the motion to issue a preliminary injunction coincide or nearly coincide, as they often do, the court's order which denies the dissolution of the restraining order and directs the issuance of a preliminary injunction is appealable. The right to appeal, however, would stem from that part of the order directing the issuance of the preliminary injunction and not from the denial of the motion to dissolve the restraining order. 42 Am. Jur. 2d, Injunction, sec. 14.

These illustrations are not intended to be precise classifications because the variable factual situation of each case may alter the interpretation as to the nature of the order entered. However, in this case the lines of distinction are clear. We are concerned only with a temporary restraining order issued without notice, the life of which was not extended beyond the statutory limitation and which was not followed by the issuance of a preliminary injunction. We are not concerned with deciding whether the temporary restraining order may in fact be a preliminary injunction. Although the motion to dissolve the restraining order was denied it expired by its own terms at the conclusion of the hearing. Following its expiration the defendant was no longer under the restraint of a court order because no order was entered on the plaintiff's

motion for a preliminary injunction which was set for hearing at the same time. Thus, the defendant had in effect obtained the relief which he had sought.

A temporary restraining order is not an interlocutory order within the meaning of the language of the Federal statutory provisions governing interlocutory appeals. (28 U.S.C.A. sec. 1292; see Wright and Miller, Federal Practice and Procedure, Civil, sec. 2692.) The opinion of this court has not explained to my satisfaction why the practically identical language of our Rule 307(a) should include a temporary restraining order as an appealable interlocutory order. I can find nothing in the facts present in this case which requires that the general rule of nonappealability of temporary restraining orders be altered.

MR. CHIEF JUSTICE UNDERWOOD joins in this dissent.