STOCKER HINGE MFG. CO., Plaintiff-Appellant and Cross-Appellee, *v.* DARNEL INDUSTRIES, INC., *et al.*, Defendants-Appellees and Cross-Appellants.

First District (1st Division)   No. 80-1726

Opinion filed August 10, 1981.

Gordon B. Nash, Jr., of Chicago (Gardner, Carton & Douglas, of counsel), for appellant Stocker Hinge Mfg. Co.

Ronald R. Rassin, of Chicago (Fink, Coff, Stern & Baron, Ltd., of counsel), for appellees Darnel Industries, Inc., and Samuel A. Hoffman.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

A lengthy trial court hearing terminated in an order entered December 2, 1977, which dissolved a temporary restraining order (TRO) entered on the motion of Stocker Hinge Mfg. Co. (plaintiff), against Darnel Industries, Inc. and Samuel A. Hoffman (defendants), and also S & S Hinge Company (S & S), and which denied the motion of plaintiff for a preliminary injunction. That order was affirmed by this court. *Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1978), 61 Ill. App. 3d 636, 377 N.E.2d 1125, *appeal denied* (1978), 71 Ill. 2d 615.

On December 29, 1977, after entry of the order which was the subject of the previous appeal, defendants filed a verified motion seeking attorneys' fees and damages predicated upon the alleged wrongful issuance of the TRO. Similarly, S & S filed a written verified motion for attorneys' fees and expenses. (See Ill. Rev. Stat. 1979, ch. 69, par. 12.) After disposition of the appeal, the parties proceeded before the trial court with lengthy hearings on the issue of attorneys' fees and damages. These hearings extended over seven months and augmented the record by some 1200 pages. The trial judge allowed defendants attorneys' fees of $27,500 and litigation expenses of $1941.75, being a total of $29,441.75. The trial court also allowed S & S attorneys' fees of $14,500 and litigation expenses of $872.75, a total of $15,372.75.

Plaintiff has appealed. There is also a cross-appeal by defendants and S & S in which they seek to broaden the scope of their recovery and thus to augment it. The relationship of these parties and the complicated pertinent facts appear in our previous opinion.

The legal background of this matter appears from section 12 of the Injunction Act (Ill. Rev. Stat. 1979, ch. 69, par. 12):

"In all cases where a temporary restraining order or a preliminary injunction is dissolved by the circuit court or by the reviewing court, the circuit court, after the dissolution of the temporary restraining order or preliminary injunction, and before finally disposing of the action shall, upon the party claiming damages by reason of such temporary restraining order or preliminary injunction, filing a petition under oath setting forth the nature and

amount of damages suffered, determine and enter judgment in favor of the party aggrieved by such temporary restraining order or preliminary injunction for the damages which the party suffered as a result thereof, * * *."

■■ Citation of authority is hardly necessary to demonstrate that attorneys' fees and other damages may be recovered where a preliminary injunction or a TRO has been dissolved "before the case is disposed of on the merits," precisely as in the instant case. (See *Meyer v. Marshall* (1976), 62 Ill. 2d 435, 439, 343 N.E.2d 479, and authorities there cited.) Also, as well pointed out in *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 179, 303 N.E.2d 1:

"For many years trial courts in this State have entertained applications for preliminary injunctions, referring to them, interchangeably, as preliminary injunctions, temporary injunctions, interlocutory injunctions, restraining orders, and interlocutory orders. [Citations.]"

The word "damages" in the above cited statute has thus been authoritatively and finally construed as including attorneys' fees as well as other damages.

Counsel for plaintiff have raised every conceivable argument to avoid the clear language of the statute and the pertinent cases. Counsel for plaintiff repeatedly describe the TRO as a "status quo order." In this case, the TRO was originally entered for the 10-day period specified in the statute (Ill. Rev. Stat. 1979, ch. 69, par. 3—1). It then became apparent to the trial court and all counsel, during the lengthy hearings, that complicated facts would necessarily have to be resolved by the trial court in ruling upon the legal validity of the TRO and the propriety of entering a preliminary injunction.

The pertinent statute was intended to cover exactly such a situation. It provides for the TRO to be entered for a maximum of 10 days "unless the party against whom the order is directed consents that it may be extended for a longer period." (Ill. Rev. Stat. 1979, ch. 69, par. 3—1.) In the case before us this result was accomplished by the order of September 19, 1977, which provided for a continuation of the TRO pending a ruling on plaintiff's motion for preliminary injunction.

Thus, it appears to us description of the TRO as a status quo order is irrelevant. We are dealing here with serious restraint of defendants accomplished by a TRO which, under the pertinent statute, was to remain in effect pending disposition of the hearing on a preliminary injunction. By the entry of this order the trial court and all parties recognized the obvious fact that the continuation of the TRO depended upon the identical legal and factual issues as governed the possible entry of a preliminary injunction. It is impossible here to segregate completely the

legal services rendered in dissolving the TRO from those rendered in obtaining denial of a preliminary injunction.

■■ We accordingly reject the argument of plaintiff that the attorneys' fees and expenses incurred by defendants and by S & S did not result from the restraint applied by the TRO. On the contrary, it is manifest that serious restraint was first imposed against these parties and then dissolved after protracted hearings. Thus, they are entitled to reasonable damages which includes allowance of attorneys' fees.

Similarly, plaintiff urges that the injunctional order was not wrongfully entered as required by the statute. On the contrary, the above quoted statute provides for damages where a temporary restraining order is dissolved by the trial court. The trial court order of September 19, 1977, not only denied the preliminary injunction but also provided that the TRO against defendants and S & S "is hereby dissolved." This dissolution of the TRO thus adjudicated that it was wrongfully issued. *Meyer*, 62 Ill. 2d 435, 439.

We will add it as manifest the damages were allowed by the trial court before determination of the case on its merits. In fact, the trial judge refused to allow discovery until completion of the matter of issuance of the preliminary injunction and dissolution of the TRO. Plaintiff expressly reserved the right to litigate the merits of the case in chief pending outcome of the ruling on the injunctive relief.

Plaintiff takes the position that the attorneys' fees incurred by defendants and S & S were not related to the TRO. On the contrary, as above shown, the dissolution of the TRO and the denial of a preliminary injunction are indivisible portions of one unit. The initial and governing issue in this entire record is whether plaintiff established "the distinctive and secret nature of its manufacturing processes * * *." (*Stocker Hinge*, 61 Ill. App. 3d 636, 643.) If plaintiff had no trade secret, the TRO was improvidently entered and the preliminary injunction was properly denied. On the contrary, if plaintiff had a secret and distinctive process, it would necessarily follow that the TRO should not have been dissolved and a preliminary injunction should have been entered. These matters are coextensive and inseparable.

In this regard, plaintiff contends the record demonstrates "if not all, then more than 99% of the attorneys [*sic*] time was spent only defending the motion for preliminary injunction * * *." Plaintiff offered no evidence to sustain this untenable contention. As will later be shown, defendants and S & S were the only parties who offered proof on the amount of attorneys' fees.

Plaintiff also urges no attorneys' fees may be recovered because defendants and S & S never filed a formal motion to dissolve the TRO. The pertinent statute above quoted contains no requirement of a formal

motion to dissolve the TRO as a condition precedent to allowance of damages. On the contrary, the statute requires dissolution of the TRO as the only prerequisite to allowance of damages. Plaintiff cites cases such as *Landis v. Wolf* (1903), 206 Ill. 392, 69 N.E. 103, and *House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 245 N.E.2d 468. These cases do not require the filing of a formal motion to dissolve the restraint. Their only requirement is that the TRO or other injunction be dissolved before final disposition of the suit. As well set forth in *Schuler v. Wolf* (1939), 372 Ill. 386, 389, 24 N.E.2d 162:

> "The temporary injunction is provisional in character, in the sense it becomes *functus officio* when the cause is disposed of on its merits. Whether it was properly or wrongfully issued or dissolved is not dependent on the ultimate settling of the rights of the parties in a hearing on the merits."

The instant case differs from the usual situation regarding temporary restraint. As above shown, the validity of any type of restraint depends upon the existence and use by plaintiff of a secret process. It remains to consider the contentions of plaintiff regarding the amount of fees and litigation expenses allowed by the trial court.

Defendants and S & S documented their claim for attorneys' fees with detailed and verified statements regarding the nature and extent of their legal services and the fair, reasonable hourly rates for the various attorneys involved. In addition, they deleted items of services which pertained to the ultimate merits of the litigation. Litigation expenses were proved by filing detailed affidavits. The attorneys who rendered the legal services testified as to the nature and extent thereof.

■■ In addition, defendants called an expert attorney to testify to the propriety and amount of their requested attorneys' fees. The expert described the requested fees as "eminently reasonable." Plaintiff offered no evidence concerning the amount of attorneys' fees and litigation expenses. No point is raised in plaintiff's brief in this court that the fees allowed by the trial judge were excessive. In addition, determination of proper and reasonable attorneys' fees is one of the few areas in which the trial court and this court may rely upon the record and judicial knowledge and experience. See *Van Fleet v. Van Fleet* (1977), 50 Ill. App. 3d 172, 175-76, 365 N.E.2d 1143, citing *Welsh v. Welsh* (1976), 38 Ill. App. 3d 35, 39-40, 347 N.E.2d 512.

Defendants thus proved 537.25 hours of legal services in connection with the dissolution of the injunctional restraint as distinguished from the ultimate merits of the litigation. The rate of compensation for legal services varied from $35 per hour to $120 per hour for the various attorneys. This produced a total of $31,991.25 which the trial judge reduced to $27,500. S & S similarly made proof of approximately 250

hours of legal services at a rate from $50 to $75 per hour to a total of $16,935.50 which the trial judge reduced to $14,500.

We conclude that the allowance of attorneys' fees and expenses to defendants and S & S as above set forth is proper and reasonable and these orders are accordingly affirmed.

We turn next to the cross-appeal regarding additional attorneys' fees and damages. Our study of the record impels us to believe the attorneys' fees above allowed should not be increased. The request of defendants and S & S as cross-appellants for allowance of additional attorneys' fee is therefore denied.

Also, in their cross-appeal, defendants request attorneys' fees incurred in pursuing their motion for damages, for loss of profits allegedly caused by the TRO, and miscellaneous expenses not awarded by the trial court. We find these arguments without substantial merit.

Regarding the fees, in *Glenview Park District v. Redemptorist Fathers of Glenview* (1980), 89 Ill. App. 3d 623, 627-28, 412 N.E.2d 162, we reversed an award of attorneys' fees incurred for legal services rendered in procuring attorneys' fees. We find no material distinction between the issue presented here and the one resolved in the above-cited case. In our opinion, fees earned in collecting fees should not be compensable. We, therefore, reject the defendants' request for fees and expenses incurred in litigating the motion for damages.

■■ Regarding the question of lost profits, the defendants argue that the TRO resulted in the termination of employment of two of their tool room employees. The defendants contend that those terminations resulted in lost profits of more than $20,000. One could possibly conceive a loss of profits which would be recoverable under section 12 of the Injunction Act. However, in our opinion, the profits allegedly lost here do not fall within that category. Damages of this type must be proved to be the "actual, natural and proximate result of the * * * restraining order * * *." *Leonard v. Pearce* (1933), 271 Ill. App. 428, 447.

In the case at bar, the defendants made no such showing. One of the employees in question was actually discharged by the defendants prior to the filing of the complaint by the plaintiff. The defendants claim that the employee was terminated because of the plaintiff's threat of litigation. However, in our opinion, damages incurred because of a "threat of litigation" are not recoverable under the Injunction Act.

The second employee left defendants on the day the TRO was entered. However, he had given notice of his resignation a week before, because the defendants informed him his opportunity for overtime would be curtailed. Presumably the defendants' decision to curtail overtime was also caused by the plaintiff's threat of litigation. Therefore, any such losses of profits incurred by the defendants were primarily caused by

346

their own decisions and were neither a proximate result of the TRO itself (*Leonard*, 271 Ill. App. 428, 447), nor even "suffered during the life or pendency of the injunction" (*Bank of Lyons v. Schultz* (1980), 78 Ill. 2d 235, 242, 399 N.E.2d 1286). The defendants' request for lost profits is therefore rejected.

Finally, the defendants pray for unawarded expenses of approximately $300. These expenses include the cost of a gift for an expert witness, fees incurred in parking near the courthouse, and for advertising for replacements for the terminated employees, in approximately equal proportions. We find these items are too remote and indirect to permit their recoupment in this proceeding.

For these reasons the order appealed from is affirmed.

Order affirmed.

McGLOON and O'CONNOR, JJ., concur.