*453
 
 Pearson, O. J.
 

 The relief by injunction does not
 
 per se
 
 constitute an equity ; except when it is to prevent torts; as, to stay waste, destructive trespass, and the like ; but is ancillary to some primary equity which the bill seeks to enforce ; in aid of which, the writ of injunction restrains proceedings in the courts of common law, until such primary equity can be established ; as, to stay execution on a judgment at law, until an opposing equity can be set up. It follows that to entitle a plaintiff to this ancillary relief, the bill must contain matter sufficient to make out some primary equity, in aid of which the injunction is asked for. This really seems a very plain proposition ; and yet, although it has been announced time and again by this Court, it is frequently not attended to on the circuit.
 

 The present is an instance of it. The bill does not contain matter sufficient to make out any primary equity, in aid of which the injunction is asked for, but the object is to stay execution on a judgment at law, as an independent equity ; without reference to any primary equity, or to any further proceeding in this Court.
 

 By reason of this fatal defect of the bill, the injunction was improvidently granted, and the decretal order must be reversed, and the injunction be dissolved irrespective of any matter set out in the answer.
 

 The bill alleges that in pursuance of a contract the defendant executed to the plaintiff a deed in fee simple for a tract of land, “ with full covenants for seizin and warranty,” under which he took possession, and has made improvements; in consideration whereof, the plaintiff executed to the defendant three bonds for the purchase-money; upon which, judgments at law have been taken, and one of them lias been satisfied. It further alleges, that there is ground to apprehend that the title of the defendant is defective by reason of a grant to one Cathcart, which it is supposed covers the land, and is older than the grant under which the defendant claims, and that the defendant “ is embarrassed with heavy debts, so as to render it doubtful whether your orator could obtain redress in an
 
 *454
 
 action at law on the covenants, in the event of his losing the land.” The prayer is, that the defendant be enjoined from collecting the two judgments, which are unsatisfied, “until the further order of this Court; and for such other and further relief as the nature of the case may require.”
 

 What primary equity does the bill seek to establish ? It lays the foundation for none. There is no averment of an offer to rescind the contract and reconvey, because of the defect in the title, or of a willingness on the part of the plaintiff to do so, and without it, the prayer for general relief is unmeaning. No further proceeding seems to be comtemplated in this Court except the injunction; no other order is asked for; there is not even an intimation that the plaintiff wishes a reference in respect to the title, or a suggestion of what action is to be taken in regard to it, supposing the plaintiff is entitled to have such an order after the contract has been executed by his accepting a conveyance, and relying on the covenants of seizin and warranty. Nor is there an averment, that the plaintiff has instituted a suit at law, or intends to do so, upon the covenant of seizin, so as to try, in the courts of common law, the validity of the defendant’s title. In short, without laying the foundation for any further action in this Court; and without proposing to proceed in any other court, the plaintiff, being in possession under a deed with full covenants, desires to hold the land
 
 without paying fo')' it!
 
 and to enjoin the collection of the purchase-money, for an indefinite time, or until those claiming under one Cathcart, who are not parties to this proceeding, and over whom the Court has no control, may see proper to institute an action of ejectment,! It is not according to the course of this Court, to allow litigation to be commenced and left in a condition, indefinite, unfinished, and dependant upon the action of strangers. This opinion will be certified.
 

 Per Curiam,. Decree accordingly.