THE CHICAGO RAILWAY EQUIPMENT COMPANY, Appellee, *vs.* THE NATIONAL HOLLOW BRAKE BEAM COMPANY, Appellant.

*Opinion filed February 19, 1909—Rehearing denied April 9, 1909.*

1. APPEALS AND ERRORS—*decree entered by trial court pursuant to mandate of Supreme Court cannot be erroneous.* A decree entered by the trial court in pursuance of a mandate of the Supreme Court cannot be erroneous, and the question presented on appeal from such a decree is whether the decree is, in fact, in accordance with the mandate.

2. SAME—*when decree making injunction perpetual is authorized by mandate.* A decree making perpetual an injunction restraining the enforcement of a forfeiture of a lease is authorized by the mandate of the Supreme Court, even though there is no express provision in the remanding order to that effect, if such is the clear and necessary implication from the language employed in the remanding order.

3. SAME—*it is not the province of the Supreme Court to advise parties in advance.* It is not the province of the Supreme Court to advise parties in advance as to what they may and may not do under a hypothetical state of facts predicated upon the provisions of a decree.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

DEFREES, BUCKINGHAM, RITTER & CAMPBELL, and RANDOLPH LAUGHLIN, for appellant.

H. H. C. MILLER, and W. S. OPPENHEIM, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This case is before this court for the second time. Our opinion on the former hearing was filed February 21, 1907, and is reported as *National Hollow Brake-Beam Co.* v. *Chicago Railway Equipment Co.* 226 Ill. 28. The facts are set out in the statement preceding the opinion of this court on the former hearing, and it will not be necessary to re-state them in detail. The National Hollow Brake-Beam Company for the sake of brevity will hereinafter be called the beam company and the Chicago Railway Equipment Company will be called the equipment company.

The beam company leased its manufacturing plant to the equipment company for a period of fifteen years, commencing January 1, 1893, for a rental of $65,000 per annum. On December 18, 1901, the beam company served notice on the equipment company of an intention to declare a forfeiture of the lease for certain defaults in respect to the payment of rents. On the 21st of March, 1902, the equipment company filed this bill for the purpose of enjoining the beam company from declaring a forfeiture and from re-possessing itself of the leased premises. The beam company answered the bill, and upon the final hearing the circuit court found, upon an accounting, that the equipment company was in arrears for rent $19,624.50, and entered a decree that upon payment of that amount to the clerk of the court within ten days the temporary injunction thereto-

fore issued would be made perpetual and if the equipment company failed to make such payment the injunction should stand dissolved. The equipment company prayed and obtained an appeal to the Appellate Court, and filed a good and sufficient appeal bond in the sum of $30,000 before the expiration of the ten days fixed by the decree for the payment of the money. Upon an appeal to the Appellate Court that part of the decree requiring the payment of $19,624.50 as a condition upon which the injunction would be continued was reversed and the injunction was made perpetual, unconditionally. The beam company appealed from the judgment of the Appellate Court to this court, and this court, in effect, reversed the Appellate Court and affirmed the circuit court, although the final order did not express this result in the usual terms.

In summing up the conclusions of this court on the former hearing, on page 39 it was said: "After an investigation of the record we think these findings of the master and chancellor are correct conclusions to be drawn from the proofs. Neither knowledge nor acquiescence on the part of the brake-beam company of the alleged transfer to it of the worthless 'three items' in payment, in part, of the obligation of the equipment company being proven, no estoppel to repudiate the same could arise, hence we conclude that the decree of the chancellor was correct and should have been affirmed by the Appellate Court. The judgment of the Appellate Court is therefore reversed and the cause will be remanded to the superior court, with directions to enter a decree finding there is due to the brake-beam company from the equipment company the sum of $19,624.50, together with interest on that amount at five per cent per annum from the date of the former decree rendered in that court, and decreeing the payment thereof within thirty days, and that in default the injunction be dissolved. The judgment of the Appellate Court is reversed and the cause remanded to the superior court, with directions."

239—8

The only difference in the decree directed to be entered by this court and the original decree of the circuit court is, that the time within which the payment was to be made was changed by our direction from ten days to thirty days. Upon the re-instatement of the cause in the circuit court that court rendered a decree, which, after reciting the proceedings in the case to that date, proceeds as follows: "That the decree of this court entered July 29, 1904, be and is modified, in accordance with the directions of the Supreme Court, as follows: That there is due from the complainant, the equipment company, to the brake-beam company, the sum of $22,322.87, and that unless the complainant pay to the clerk of this court, for the benefit of the brake-beam company, said sum within thirty days from the entry of this decree, the injunction issued shall be dissolved, and, except in the matter of the amount to be paid and the time and conditions of payment, the decree entered on July 29, 1904, stand and remain of record in full force and effect, at all times hereafter, as the decree of this court. And it appearing to the court that the complainant has paid to the clerk said sum of $22,322.87, as provided in this decree, it is ordered, adjudged and decreed that the brake-beam company, its officers, agents and servants, be and are perpetually enjoined and restrained as prayed in the complainant's bill of complaint and supplemental bills of complaint, and that they do absolutely desist and refrain from proceeding to enforce a forfeiture of the agreement dated December 8, 1892, set out in said bill of complaint, and from re-entering the demised premises described therein, from removing the complainant therefrom and taking possession thereof, or of any of the personal property of the complainant, as prayed in the bill and supplemental bills of complaint; that Laughlin be and is perpetually enjoined, as prayed in said bill of complaint and supplemental bills of complaint, from acting under the powers conferred upon him by paragraph 8 of said agreement dated December 8, 1892, and from under-

taking to execute and deliver to the brake-beam company, or to any other person or corporation, an assignment or transfer of any of the patents, letters patent, patent rights, inventions for which applications for patents are pending, choses in action, or any other property belonging to the equipment company." This final decree was entered on the 8th day of May, 1907. An appeal was perfected to the Appellate Court for the First District, and that court affirmed the decree below. The beam company has prosecuted further appeal to this court and assigns numerous causes for a reversal.

The greater portion of appellant's brief is devoted to questions that are not properly presented for consideration upon this record. A decree entered in accordance with the directions of this court cannot be erroneous. This court may err in its directions to an inferior court, but however erroneous the directions given may be, it is the duty of the inferior court to strictly follow the directions contained in the mandate of this court. (*Blackaby* v. *Blackaby,* 189 Ill. 342; *Noble* v. *Tipton,* 222 id. 639.) The only question, therefore, that is open for consideration on the record as presented at this time is, was the decree of the circuit court in accordance with the mandate and directions of this court?

Appellant contends that that portion of the decree of the circuit court perpetually enjoining appellant from proceeding to enforce a forfeiture of the lease and from taking possession of the personal property is not authorized by our former decision. While it was not expressly stated in the remanding order that if the equipment company paid the $19,624.50 within thirty days the injunction should be made perpetual, yet that is the clear and necessary implication from the language employed in the remanding order of this court. No other reasonable construction can be given to the language used. The circuit court and the Appellate Court both so understood the meaning of the remanding or-

der, and we cannot conceive how any other possible meaning could be given to this language.

Appellant contends that on November 9, 1904, a forfeiture was declared by it in pursuance of notice previously given, and the complaint is made that the injunctional order in the final decree of May 8, 1907, is broad enough to prevent appellant from proceeding with said alleged forfeiture. Whether this is true or not is purely a moot question under this record. The alleged forfeiture of 1904 was declared, if at all, after the present suit was commenced and before it was finally determined.

Much is said in argument of counsel whether the original injunction was in force at the time the alleged forfeiture of 1904 was declared. Anything that we might say on that subject as the case is now presented would be mere *obiter dictum.* If appellant desires to raise that question and cares to take the risk, a proceeding for contempt against it for attempting to enforce such forfeiture would involve the questions that appellant has so elaborately argued on this record. So far appellant has done nothing toward an enforcement of the supposed forfeiture, and we have no means of knowing that any rights will ever be asserted under it. It is not the province of this court to advise parties in advance what they may or may not safely and legally do upon a hypothetical state of facts. All we can do is to direct the attention of the parties to the decree, and say to them: "Such is the judgment and order of the court; govern yourselves accordingly."

The decree of the lower court was in substantial compliance with the directions of this court. The Appellate Court therefore did not err in affirming that decree.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*