## Michael P. Gauer v. Edward C. Voltz et al.

## Joseph P. Jené, Appellant, v. George Victor Haering, Appellee.

### Gen. No. 21,063.    (Not to be reported in full.)

- Interlocutory appeal from the Superior Court of Cook county; the Hon. Hugo Pam, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed December 22, 1914.

### Statement of the Case.

Bill by Michael P. Gauer to foreclose a trust deed which was first lien on certain premises, George Victor Haering being a defendant to the original bill. Joseph P. Jené purchased the equity of redemption after the bill was filed and became a party to the suit later. Other parties to the original bill were unknown owners of a third mortgage note and various persons who at one time or another had owned the equity of redemption or who had an interest therein when the bill was filed.

The case was referred to a master, and on his report a decree was entered directing sale. The property was then sold to the first mortgagee for the amount of his claim. After the sale of the second mortgagee, Haering, filed a ''cross-bill,'' praying for a receiver and that rents and profits be applied to pay the second mortgage, as provided by such mortgage. Jené then filed a petition setting up ownership of the equity of redemption and his right to the rents and profits. He was permitted to intervene and plead and demurred to the so-called cross-bill. From an order appointing the receiver as prayed, Jené appealed.

LAIRD BELL, for appellant.

No appearance for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. RECEIVERS, § 10*—*when pleading is mere petition for receiver.* A pleading filed by a second mortgagee for the appointment of a receiver and for rents and profits, after the sale of the premises under a foreclosure decree of a first mortgage, which does not ask for an accounting or foreclosure, is a mere motion paper or petition.

2. RECEIVERS, § 10*—*what must be shown to warrant appointment of receiver.* A receiver will not be appointed upon a mere petition, since a receivership must be ancillary to some other relief, and there must be some pleading upon which the petitioner will probably be entitled to specific equitable relief.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.