(No. 11287.—Reversed and remanded.)

HELEN H. BRANDENBURG, Appellant, *vs.* ERIC LAGER, Appellee.

*Opinion filed April 19, 1917.*

BUILDING LINES—*when decree does not carry out mandate of Supreme Court concerning re-construction of porches.* Where the Supreme Court has held, on appeal, that certain alleged porches on an apartment house constitute a violation of a building line restriction designed to preserve the easements of light, air and vision to adjoining owners, a subsequent decree directing changes to be made which do not affect the adjoining owners nor restore such easements but leave the construction substantially as offensive as it was before, is not a compliance with the mandate of the Supreme Court and must be reversed on second appeal.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

JOHN T. RICHARDS, and ALEXANDER J. INNES, for appellant.

WILLIAM J. LACEY, and ALBERT R. GATES, for appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

The appellant, Helen H. Brandenburg, filed her bill of complaint in the circuit court of Cook county on November 2, 1915, against appellee, Eric Lager, to enjoin him from erecting certain parts of an apartment building in violation of the building line restriction contained in the deeds under which he and the other parties owning lots in the block in question acquired title to their lots.

The property is situated on South Shore drive, (formerly Yates avenue,) between Sixty-ninth and Seventieth streets, in the city of Chicago, and fronts east on that street. All of the lots in this block between those streets were originally owned by Lambert C. Weiland, who, before dis-

posing of any of the same, executed and filed for record in the recorder's office of Cook county an instrument in writing providing, among other things, that for twenty-five years no building of any kind should be erected on said premises, or any part thereof, to be used for business, factory or warehouse purposes, intending that said premises and each part should be used for residence purposes, only, and that no building erected thereon during said period should be built nearer than thirty-five feet to the front or east line of said premises, bay windows, porches and steps excepted, and that such restriction should be inserted in every deed of conveyance made by him and be considered as a covenant running with the land. The instrument is dated December 10, 1910, and was recorded on February 21, 1911. It is admitted that both parties are bound by the building restriction contained in this instrument.

This cause was before us at a former term, and we then held the building in course of construction constituted a violation of the restriction by reason of the manner in which the porches and basement to the same were being constructed and reversed and remanded the cause, with directions to enter a decree requiring appellee to remove or re-construct that part of the building extending over the building line so as to come within the exceptions to such building line restriction. (*Brandenburg* v. *Lager,* 272 Ill. 622.) Upon the re-instatement of the cause in the lower court appellant filed her supplementary bill setting forth the manner in which the building had been constructed, and asked to have a decree entered requiring appellee to remove that portion extending across the building line or re-model the same so as to conform to the mandate of this court on the former appeal. Appellee answered the supplemental bill. A trial was had before the court, and a decree was entered requiring certain modifications to be made in the construction of the basement and finding that the porches as constructed did not violate the restriction. From

this decree appellant has prosecuted the present appeal, and urges as ground for its reversal that the decree does not require appellee to reform the construction of his building to conform to the directions given in the opinion of this court on the former appeal.

The facts in relation to the construction of the portions of the building in question are fully set forth in our former opinion and need not be again set forth here, as the only question now before us is whether the decree entered required a remodeling of the building to conform to our views as expressed in the former opinion.

In the present decree the court finds appellee has constructed three porches,—one for each apartment,—extending over and across the building line and upward to a point approximately two feet higher than the roof of the building; that said porches are built on piers, pillars or columns of solid brick and in such form as to constitute an angle of 90 degrees with the building, and that each of said piers, pillars or columns is two feet five inches from north to south and from east to west; that the floor of each porch is constructed of cement and covered with tile and is on the same level with the floor of each of said apartments; that surrounding each of the floors and extending over and across said building line is a solid wall of masonry to a height of eighteen inches from the top of the floor to the openings in said porches and extending below the top of the floor of each of said porches twenty-nine and one-half inches; that each of said porches has a frontage from north to south of eighteen feet and from east to west of nine feet four inches; that the opening on the east side of each of said porches is eleven feet ten inches from north to south and six feet two inches in height; that the openings on the north and south of each of said porches are five feet seven inches from east to west and six feet two inches in height; that the main wall of said building connecting with each of said porches is built of masonry and is of the same thick-

ness and character as the balance of the front wall of the building, except there is a French door opening from the living room of each of said apartments onto the porch, the width of said door being six feet four inches, and another French door leading from the dining room of each of said apartments to the porch of that apartment, said door being four feet two inches in width; that in the opening of each of the said porches there is constructed a framework which contains three wooden mullions, each of the dimensions of one and one-fourth inches from north to south and three and three-fourths inches from east to west; that the space between said mullions and the inner side of the frame is approximately two feet ten and three-fourths inches, and the same are designed to permit the installing therein of sashes containing screens in summer; that the appellee has caused canvas awnings to be attached to the porches of each apartment extending over said building line, which are so constructed that they can be raised and lowered; that the awnings extend out from the porches, when lowered, approximately two feet; that the roof of the main part of said apartment building is extended over and across said building line and forms the roof of the porches; that a heavy wall of masonry, commonly known as a fire-wall, extends above the roof of said building on the north, south and east sides thereof, continuous around the entire front of said building, including said projection over said building line; that said fire-wall is built of masonry, and the front or east portion thereof is of the same material and of the same style of architecture as the front of the main part of the said building, and the height of said front wall above the roof is one and nine-twelfths feet. The court further finds that the projections constructed by appellee into the restricted area are open porches and are not a violation of the restrictive covenant, and orders appellee to make the entrance way and the basement, which now extend over said thirty-five foot building line, conform to the

conclusions reached by this court in its former opinion by removing the said entrance or vestibule so that no part of it shall remain over the building line, and shall change and modify the construction of said basement which extends over the building line so that the same shall have an opening in front of eleven feet ten inches from north to south and six feet five inches in height, and that it shall have an opening on the north and south extending east and west five feet seven inches and six feet five inches in height, and supported by piers, pillars or columns on the northeast and southeast corners of dimensions not to exceed three feet one inch north and south and three feet one inch east and west, and that a solid wall shall be built from north to south shutting off the opening from said basement into the restricted areaway, except that windows may be placed in said wall, and that appellee is not entitled to erect or maintain any part of his said building east of said building line of thirty-five feet other than the open porches herein above described, and allows appellee sixty days in which to comply with the decree.

The only substantial alterations required to be made in the exterior portion of the building by the decree are those requiring the basement entrance or vestibule to be so constructed that no part of it will extend over the building line, the tearing out of a part of the solid wall of the basement, and making openings therein to correspond with the openings on the other floors of the projection. If these changes are made there will still remain a solid brick wall of approximately four feet around each of the floors, and massive pillars or posts at each corner extending two feet five inches each way from the corners. The opening in the side walls will be but five feet seven inches in length and six feet two inches in height, and in the front wall eleven feet ten inches in length and six feet two inches in height, with mullions therein for the placement of screens. The total length of the projection across the front is eighteen feet

and its depth nine feet four inches, so that about sixty per cent of the projection will be solid masonry construction. This projection is of the same construction as the remainder of the building and was originally intended to provide for sun parlors. An examination of the photographic views in the record, as well as the other evidence, shows that the portion of the structure extending across the building line is constructed in as substantial a manner as the remainder of the flat-building; that it has a tiled floor and attachments for gas and steam heating for each apartment, and is so constructed and arranged that as soon as the limitation expires it can be converted into a sun parlor or room on each floor by the mere substitution of but little heavier frames or mullions for glass windows to take the place of the screens. It will thus be seen that this structure, which is designated a porch, is of massive brick construction extending three stories in height, and will be almost as effective in shutting off the light, air and vision from the other lot owners as if the main building itself had been built out across the building line, and so far as we can see from its external appearance it is no different in construction from the other parts of the building, of which it appears to be a substantial part. Its appearance is that of a building extending across the building line.

On the former appeal we held that the object of the restriction in question was to create an unobstructed easement of light, air and vision for the benefit of the public and adjoining lot owners, and that to permit the establishment of a structure such as the one in question under the guise that it is a porch would be to permit the erection of a structure within the restricted area of such a characer as to practically defeat the intent and purpose of such building line restriction. The plans and specifications were before us at that time, and we there pointed out that while a porch may be either enclosed or unenclosed, the popular understanding of the definition of the same is a veranda,

portico or open passageway or open appendage attached to the enclosed part of the building, and that the purpose of establishing this restriction would be defeated if the owners of the lots should be permitted to erect such structures beyond the building line as the one appellee had planned to erect upon his lot, and that the authorities were practically a unit in holding that appendages or structures of any nature which will practically frustrate the intention of the parties to a building line restriction would not be permitted. It was admitted on this hearing that the building has now been constructed, in so far as its external appearance is concerned, in substantial accordance with the plans and specifications then before us and which we there held provided for the construction of a building which would violate this restriction. The changes made in its interior construction, such as the substitution of tile for wooden floors, substituting brick walls for the wood partitions and omitting the heating apparatus, are all immaterial alterations in so far as appellant's rights are concerned, which must be determined from the effect the structure will have upon her easement of light, air and vision within the meaning of the restrictive covenant in question.

Appellee insists that as restrictions in the use of real property are not to be extended by construction and all doubts are to be resolved in favor of the free use of the property and against restrictions, if there is any reasonable doubt as to whether or not the portion of the building in question violates the restriction this doubt must be resolved in his favor; and also that building restrictions, like all other contracts, are to be interpreted, so far as possible, in accordance with the understanding and intention of the parties and the circumstances surrounding them at the time the contract was made. He further insists that since there is evidence in the record tending to show that for the last fifteen years buildings have been constructed in the city of Chicago with porches similar to the one in question he is

entitled to have the restriction in question interpreted in the light of such fact, and all doubt, if any there be, that it was the intention of the parties to permit such projections to be constructed as porches within the meaning of such building restriction resolved in his favor. Conceding that the rule is as contended for by appellee, we think his evidence has failed to bring his case within the rule contended for. The practice is not shown to have been so common as to constitute a custom, nor is it shown that the original grantor who established the restriction, or even those who purchased from him, were aware of such method of construction. Nor do we think appellee has so interpreted this restriction. All of these matters were proper for our consideration on the former appeal, and so far as they were presented by the record then before us were given due consideration. On that appeal it appeared that appellee went to appellant's husband and endeavored to secure a waiver of this restriction, and we there held that such fact tended strongly to show the popular definition of the term there given was the understanding appellee had in mind before beginning the construction of his building. The decision in that case is controlling here, where the only question is whether the decree was entered in accordance with the mandate and directions of this court on the former appeal. *Chicago Railway Equipment Co.* v. *National Break-Beam Co.* 239 Ill. 111.

We are satisfied from a consideration of the evidence and exhibits in the record that the building as constructed and as approved by the decree is of such a character as to unduly restrict appellant's easement of light, air and vision, and that of the adjoining lot owners, and violates the plain intent and meaning of the restriction in question. For this reason the decree of the circuit court must again be reversed and the cause remanded to that court, with directions to enter a decree requiring appellee to remove that portion of the building extending over the building line or

to so remodel or re-construct that portion of the building as not to encroach upon appellant's easement in the premises and so as to come within the exceptions to the building line restriction.

*Reversed and remanded, with directions.*