---

(No. 12708.—Decree modified and affirmed.)
EDMUND M. DUNNE, Catholic Bishop, Appellee, *vs.* THE COUNTY OF ROCK ISLAND *et al.* Appellants.

*Opinion filed June 6, 1919.*

INJUNCTION—*when county may be compelled to remove building erected during pendency of suit.* In a proceeding to enjoin a county from erecting a jail building within 200 feet of a school, a decree for perpetual injunction may order the county to remove any part of the building constructed during the pendency of the suit.

APPEAL from the Circuit Court of Rock Island county; the Hon. W. T. CHURCH, Judge, presiding.

C. J. SEARLE, for appellants.

JAMES F. MURPHY, and KENWORTHY, DIETZ, SHALLBERG, HARPER & SINNETT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 21, 1915, the appellant, Edmund M. Dunne, Catholic Bishop, filed in the circuit court of Rock Island county his bill alleging that the public square in the city of Rock Island had been dedicated to public use, to be open and free from encroachments of any kind, and praying for an injunction restraining the county of Rock Island from erecting a jail thereon, to the irreparable injury of

his property fronting and abutting on the square. Upon a hearing of a motion for a temporary injunction the motion was contested by affidavits without any plea or answer to the bill, and the motion was denied and the bill dismissed. An appeal was prosecuted to this court, and the decree was reversed on the grounds that the bill on its face stated a good cause of action and affidavits could not be heard on the motion. The court stated the law to be that the words "public square" written on the map clearly indicated that the square was dedicated as a public square, to be used by the public for some public purpose, but the words did not indicate any certain or definite use of the square, and the purpose might be shown by proof of custom or long usage. The cause was remanded, with directions that the parties be required to make up issues in the case by proper pleadings for a final hearing. After the filing of the bill the General Assembly passed an act approved June 24, 1915, providing that it should be unlawful to build a jail within 200 feet of any building used exclusively for school purposes, and the complainant contended that he was entitled to insist upon the provisions of that statute, but his claim was not sustained for want of allegations in the bill that his school building was used exclusively for school purposes and that the jail would be within 200 feet of the school building. (*Dunne v. County of Rock Island,* 273 Ill. 53.) After the case was re-instated in the circuit court the bill was amended by adding averments that the school building was used exclusively for school purposes and that the contemplated jail building when erected would be within 96 feet of the complainant's building. The prayer for an injunction was amended so as to bring it within the purview of the act, and prayed for an injunction against constructing the jail building on any part of the public square, and particularly within 200 feet of the school building. The answer denied that the dedication was for use as a public square free from buildings or encroachments of any

kind or that complainant's building was used exclusively for
school purposes, and alleged the invalidity of the act as vio-
lating provisions of the constitution. The issues were re-
ferred to the master in chancery to take the evidence and ·
report the same with his conclusions. The cause was heard
on exceptions to his report, and the amended bill was dis-
missed for want of equity and a second appeal was prose-
cuted from that decree. The complainant had based his
right to an injunction upon two different and distinct
grounds, and by the amendment had only sought to restrain
the erection of a jail within 200 feet of his building. If
that relief should be granted the prayer of his bill would
be satisfied and the further claim necessarily abandoned.
This court said that if the issue of fact as to the use of
the building was found in favor of the complainant and the
act prohibiting the erection of a jail within 200 feet of a
building used exclusively for school purposes was not un-
constitutional, the other questions raised concerning rights
claimed under the original bill were eliminated. The court
considered the evidence and found those issues in favor of
the complainant, and the decree was reversed and the cause
remanded to the circuit court, with directions to grant the
relief prayed for in the bill. (*Dunne* v. *County of Rock
Island,* 283 Ill. 628.) There was not only no decision con-
cerning the power or right of the county to erect a jail on
the public square more than 200 feet from the complain-
ant's building, but it was stated that no such question was
considered. The only questions were whether the complain-
ant's building was used for school purposes and whether
the act was a valid and lawful exercise of the police power,
and these questions having been resolved in favor of the
complainant, the circuit court was directed to grant the re-
lief which the court had said the complainant was entitled
to under the facts and law. The cause was again re-instated
in the circuit court, and a decree was entered enjoining and
restraining the county "from locating, building and con-

structing and thereafter maintaining said jail building on any part of the said public square, and particularly within 200 feet of said building of the complainant so used exclusively for school purposes."

A reading of the opinion of this court stating what relief the complainant was entitled to under the facts and law in connection with the mandate would show that an injunction against erecting a jail at any place on the public square not within 200 feet of the complainant's building was not within the meaning or intent of the direction given, because no question of that kind was considered or decided.

The decree also found that since the institution of the suit, and while it was pending, the county had partially erected a jail building on the public square within 200 feet of the school building, and it was ordered to remove all such parts or portions of the jail building so erected during the pendency of the suit. The only office of a temporary injunction is to preserve the status until a final hearing, and upon such a hearing, if a perpetual injunction is ordered, the defendant may be required to restore the status. (*Lambert* v. *Alcorn*, 144 Ill. 313; *Turney* v. *Shriver*, 269 id. 164; *Gulick* v. *Hamilton*, 287 id. 367.) An injunction against the erection of a jail building within 200 feet of the complainant's building having been awarded, the complainant had a right to have any part of the building constructed while the suit was pending removed by the county.

The decree is modified by striking out the words "any part of" and the words "and particularly," and as so modified the decree is affirmed.

*Decree modified and affirmed.*

Mr. JUSTICE THOMPSON having been State's attorney for the county of Rock Island throughout this litigation took no part in this decision.