P.S.L. REALTY COMPANY *et al.*, Plaintiffs-Appellees, *v.* GRANITE
INVESTMENT COMPANY *et al.*, Defendants-Appellants.

Fifth District   No. 72-158

Opinion filed July 23, 1976.—Supplemental opinion filed upon denial of rehearing
September 23, 1976.

Cohn, Carr, Korein, Kunin & Brennan, of East St. Louis (Rex Carr, of counsel),
for appellants.

Listeman, Bandy & Hamilton, of Belleville, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal from an order of the trial court denying defendants' motion to dissolve a temporary injunction and appointing a receiver. This case presents the question: May a party seek the relief of a temporary injunction and the appointment of a receiver *pendente lite* without concurrently seeking a determination of the merits and the ultimate rights of the parties regarding the cause in issue?

On April 11, 1972, plaintiffs, P.S.L. Realty and Illini Federal Savings and Loan Association (hereinafter "Illini"), filed a four-count complaint seeking an immediate temporary injunction, without notice and without bond, against defendants, Granite Investment Company (hereinafter "Granite"), James C. Green, Darryl Layman, and First National Bank in Madison (hereinafter "Bank"). Granite is a real estate firm consisting of a general partner, Green, and several limited partners, including Layman. Bank is the depository of certain funds of Granite. P.S.L. Realty is the seller, and Illini the financing institution, with respect to the sale to Granite of certain property (valued at approximately $16 million) under several contracts for deeds.

On the date the complaint was filed, the court, without notice to defendants, granted the temporary injunction exactly as requested by plaintiffs, upon plaintiffs' posting bond of $50,000, "security waived." The injunction ordered Granite, Layman, and Green to refrain from collecting or attempting to collect any rents due or to become due on the properties in question and from interfering with the attempts of plaintiffs to collect such rents, and directed Granite, Layman, and Green to turn over to plaintiffs any rents already collected. The court also directed Granite, Layman, and Green to turn over their books and records for examination by plaintiffs, and directed Bank to hold any funds in the account of Granite until further order of the court.

Granite and Green were served with the writ of injunction on April 17, 1972. They then filed a motion for change of venue and a motion to dissolve the temporary injunction. The change of venue was granted and on April 21, 1972, a hearing commenced on the motion to dissolve. On April 26, during a resumed session of the hearing, plaintiffs made an oral motion for appointment of a receiver. By its order entered on April 28, 1972, the court denied the motion to dissolve and appointed the Federal Savings and Loan Insurance Corporation temporary receiver of Granite. Granite and Green filed their notice of interlocutory appeal pursuant to Supreme Court Rule 307(a) (Ill. Rev. Stat., ch. 110A, par. 307(a)) on May 23, 1972. At the same time, Layman filed a motion to dissolve the injunction issued against him. The next day this motion was allowed. Plaintiffs were subsequently allowed leave to file an amended complaint as to Layman, which they did.

However, we need not concern ourselves with that matter, since only Granite and Green are appellants in the cause presently before us.

Defendants have raised several issues in this appeal. However, because of the nature of this case and the manner in which we have chosen to deal with it, we need not discuss all those issues. Initially we note that this case was first set for oral argument in October of 1972, and thereafter was again set for oral argument on several occasions. However, upon the occasion of each setting the oral argument was continued at the request of the parties because a settlement of the matters involved was imminent. The negotiations for a settlement proved fruitless, and the parties requested that the case again be set for oral argument. Consequently, the case was finally orally argued on March 31, 1976.

Although approximately four years had passed from the time the temporary injunction was issued and the receiver appointed until the time of the oral argument, during the argument the attorneys for the respective parties made it clear to this court that no further action had been taken in the trial court with respect to the substantive matter in dispute. Although the trial court below had issued what it termed a "temporary injunction," no complaint relating to the merits of this case had been filed at or before the time the injunction was granted and, apparently, none has been filed since. Plaintiffs' complaint for injunction made no reference to a pending or contemplated action upon the merits of the disputed matter. From the face of plaintiffs' complaint and plaintiffs' subsequent oral motion for the appointment of a receiver, it appears that the injunctive relief and receivership constituted the only relief plaintiffs wanted. The lack of further action during the four years that have elapsed since the time plaintiffs' requested relief was granted clearly indicates that the injunction and receivership, although termed by the court "temporary," amounted to the only relief plaintiffs wanted, and, for that matter the only relief they would ever want.

■■ It is established that a temporary or preliminary injunction should not be granted where its effect would be to give all the relief that could be obtained after a final hearing on the merits of the dispute. (*People's Gas Light & Coke Co. v. Cook Lumber Terminal Co.*, 256 Ill. App. 357; *Cassidy v. Triebel*, 337 Ill. App. 117, 85 N.E.2d 461; *Knuppel v. Adams*, 12 Ill. App. 3d 708, 298 N.E.2d 767.) The purpose of a preliminary injunction is not to finally decide the controverted facts or merits of a case. (*Lonergan v. Crucible Steel Co. of America*, 37 Ill. 2d 599, 229 N.E.2d 536.) The preliminary injunction is merely provisional in nature and concludes no rights (*Nestor Johnson Manufacturing Co. v. Goldblatt*, 371 Ill. 570, 21 N.E.2d 723; *Schuler v. Wolf*, 372 Ill. 386, 24 N.E.2d 162), its office being merely to preserve the status quo until a final hearing on the merits. (*Dunne*

*v. County of Rock Island*, 288 Ill. 359, 123 N.E. 501; *Duval v. Severson*, 15 Ill. App. 3d 634, 304 N.E.2d 747.

That a receivership is of the same nature and serves a similar function has been well established.

> "By the weight of authority it is a well-recognized province of equity jurisdiction to give aid to an action in another court, either by injunctive process or by appointment of a receiver, whenever either or both of these remedies are necessary to preserve the existing status of the property until the proper distribution of the property has been determined in litigation then pending respecting the property, provided irreparable damage may result if the existing status of the property is not preserved. Such an injunction is merely a mode by which the court preserves the property in dispute, with the least injury to all parties, until it can finally determine their respective rights and upon such a hearing, if a perpetual injunction is ordered, the defendant may be required to restore the status." 2 Puterbaugh, Illinois Chancery Pleading and Practice §626 (7th ed. 1930).

> "By the weight of authority it is a well-recognized province of equity jurisdiction to give aid to an action in another court, either by injunctive process or by the appointment of a receiver whenever either or both of these remedies are necessary to preserve the existing status of property until the proper disposition of the property has been determined in litigation then pending respecting the property, provided irreparable damage may result if the existing status of the property is not preserved." (*Kulwin v. Harsh*, 232 Ill. App. 419, 423-24.)

To the same effect is *People ex rel. Hoagland v. Streeper*, 12 Ill. 2d 204, 211, 145 N.E.2d 625, 628-29. To say that a "temporary" injunction and receivership are "provisional" in nature, or that they are used "in aid to" an action, or that their function is "to preserve the existing status of property until" some litigation determines the proper disposition of the property, is merely to say that a "temporary" injunction and a receivership are ancillary remedies and cannot be maintained as the sole relief sought. That this is so, subject to a few specific exceptions in cases of waste and other similar torts, has been often stated.

> "[S]uch matters as a receivership and preliminary injunction cannot per se be the subject of suit in equity." *De Rees v. Costaguta* (2d Cir. 1921), 275 F. 172, 175-76.

As to the appointment of a receiver, the court in *Davis v. Jacksonville & Peoria Ry. Co.*, 180 Ill. App. 1, 12, pronounced:

> "That the general rule is, that the appointment of receivers is an

ancillary remedy in aid of the primary object of litigation between the parties, and such relief must be germane to the principal suit; and a suit cannot be maintained under this general rule where the appointment of a receiver is the sole primary object of the suit and no cause of action or ground for equitable relief otherwise is stated."

A similar statement was made in *Gauer v. Voltz*, 190 Ill. App. 189.

As to a preliminary injunction, sometimes referred to as an injunction *pendente lite*, the court in *Lambert v. Alcorn*, 144 Ill. 313, 330, 33 N.E. 53, 58, stated:

"[A]n injunction *pendente lite* was a mere ancillary writ which the complainant was at liberty to apply for or not as he saw fit. Its only office was to preserve the *status quo* until a final hearing could be had."

Numerous other authorities support the proposition that a preliminary injunction and a receivership are merely ancillary remedies and cannot constitute the ultimate relief afforded in a particular dispute, except, as we have already stated, in cases of certain torts such as waste. For example, see *Baker v. Administrator of Backus*, 32 Ill. 79; *Chicago Railway Equipment Co. v. National Hollow Brake Beam Co.*, 141 Ill. App. 572, *aff'd*, 239 Ill. 111, 87 N.E. 872; *Hillmer Co. v. Behr*, 196 Ill. App. 363; *Crenshaw v. Looker* (1904), 185 Mo. 375, 84 S.W. 885; *Bledsoe v. Grand Lodge of United Brothers of Friendship* (Tex. Civ. App. 1932), 53 S.W.2d 73; Annot., 26 A.L.R. 33, 35 (1923); Annot., 77 A.L.R. 717 (1932); 27 Am. Jur. 2d *Equity* §11, at 529 (1966); 42 Am. Jur. 2d *Injunctions* §11, at 737 (1969); 65 Am. Jur. 2d *Receivers* §25, at 878 (1972); 75 C.J.S. *Receivers* §5, at 662-65 (1952); 1 High, Injunctions §§7 and 8 (1905).

Having determined that a receivership and a preliminary injunction are merely ancillary remedies which cannot stand alone as the full and ultimate relief afforded with respect to the matter in dispute, the question arises. as to what should be done when these remedies are pursued not as ancillary remedies but as the only relief sought. We think this question was properly answered long ago in the case of *Patterson v. Miller* (1859), 57 N.C. (4 Jones' Equity) 451. In that case an interlocutory appeal was taken from the refusal of the lower court to dissolve an injunction. The North Carolina Supreme Court held that the injunction, not having been sought as ancillary to some full relief upon the merits of the dispute, had been improvidently granted and dissolved the injunction. The court stated:

"The relief by injunction does not *per se* constitute an equity; except when it is to prevent torts; as to stay waste, destructive trespass, and the like; but is ancillary to some primary equity which the bill seeks to enforce; * * * . It follows that to entitle a plaintiff

to this ancillary relief, the bill must contain matter sufficient to make out some primary equity, in aid of which the injunction is asked for.

* * *

What primary equity does the bill seek to establish? It lays the foundation for none. There is no averment of an offer to rescind the contract and reconvey, because of the defect in the title, or of a willingness on the part of the plaintiff to do so, and without it, the prayer for general relief is unmeaning. No further proceeding seems to be contemplated in this Court except the injunction; no other order is asked for; there is not even an intimation that the plaintiff wishes a reference in respect to the title, or a suggestion of what action is to be taken in regard to it, supposing the plaintiff is entitled to have such an order after the contract has been executed by his accepting a conveyance, and relying on the covenants of seizin and warranty. Nor is there an averment, that the plaintiff has instituted a suit at law, or intends to do so, upon the covenants of seizin, so as to try, in the courts of common law, the validity of the defendant's title. In short, without laying the foundation for any further action in this Court; and without proposing to proceed in any other court, the plaintiff, being in possession under a deed with full covenants, desires to hold the land *without paying for it!* and to enjoin the collection of the purchase-money, for an indefinite time, or until those claiming under one Cathcart, who are not parties to this proceeding, and over whom the Court has no control, may see proper to institute an action of ejectment! It is not according to the course of this Court, to allow litigation to be commenced and left in a condition, indefinite, unfinished, and dependent upon the action of strangers." (57 N.C. 451, 453-54.)

To the same effect is *Washington v. Emery* (1858), 57 N.C. (4 Jones' Equity) 29.

■■ In the instant case, plaintiffs brought a complaint for a temporary injunction and later made an oral motion for the appointment of a receiver. There was no averment that a further proceeding was pending or contemplated; and in fact, no further proceeding seems to be contemplated. Granite has been forced to turn over its records, its books, and its funds and to cease collecting rents on the property involved. Since 1972 the Federal Savings and Loan Insurance Corporation has managed the business of Granite as a court appointed receiver. Plaintiffs, we presume, have been paid the regular installments pursuant to the contracts for deed. They need no further relief and do not appear ready to seek any. Regardless of whether plaintiffs should or should not ultimately prevail on the merits of this dispute, they should not be allowed to obtain full and ultimate relief by way of the ancillary remedies they have been afforded.

We, therefore, have concluded that the temporary injunction and the receivership must be dissolved.

■■ One further point need be considered, however. As we pointed out previously, the four years' delay between the first setting for oral argument of this case and the oral argument, resulted from the stipulations of the parties that a settlement of the dispute was contemplated and imminent. In that respect defendants acquiesced in the continued receivership status. And not only did they acquiese in the continuation of the receivership, defendants agreed to the appointment of a receiver initially. At the hearing on April 26, 1972, counsel for defendants stated:

> "We also have no objection to the Court appointing the Federal Savings and Loan Insurance Corporation as a receiver, or any other party, or any other person who is not a party to this directly at this time as a receiver."

Therefore, although we have concluded that the temporary injunction and the receivership should be dissolved, we do not feel that defendants are entitled to have had the services of the receiver at no cost to defendants. Rather, the fees and expenses of the receivership should be assessed out of the receivership property and the income derived therefrom; and we remand this cause to the circuit court to determine what amount should be properly assessed as expenses and fees of the receivership.

Temporary injunction and receivership dissolved. Cause remanded with directions.

KARNS, P. J., and EBERSPACHER, J., concur.

SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

Mr. JUSTICE JONES delivered the opinion of the court:

In the opinion filed in this case we stated that we presumed that plaintiffs had been paid the regular installments pursuant to the contract for deed. Subsequent to the filing of the opinion each of the parties have filed a petition for rehearing. Plaintiffs point out in their petition, supported by affidavit, that they in fact have not been receiving payments pursuant to the contract and request an order of this court directing the receiver to apply accumulated moneys in its hands to payments to the plaintiffs pursuant to the contract. Granite and Green in their petition for rehearing have asserted, supported by affidavit, that there are equities upon their part to be considered and that plaintiffs are accordingly not entitled *in toto* to the payments upon the contract which they seek from the receiver.

In view of the apparent factual dispute regarding plaintiffs' entitlement to payments on the contract it is necessary that the question be determined in the first instance by the trial court after pleadings and a hearing on the merits.

We accordingly correct our original opinion wherein it states that we presumed that plaintiffs have been paid the regular installments pursuant to the contract for deed. Such presumption was unwarranted.

■■ Upon remand, the trial court should call for pleadings upon the issue of plaintiffs' entitlement to receive from funds in the hands of the receiver the accrued, unpaid installments upon the contract for deed, and after a hearing, should determine the plaintiffs' entitlement upon the merits of the question. The direction to the trial court to conduct a hearing on the fees and expenses of the receivership, as provided in the original opinion, stands.