FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, an agency of the United States of America, Plaintiff,

v.

PSL REALTY CO., a corporation, et al., Defendants.

No. A–Civ–76–79.

United States District Court, S. D. Illinois, Alton Division.

Oct. 2, 1979.

See, also, D.C., 482 F.Supp. 74.

Robert W. Patterson, William J. McKenna, Hopkins, Sutter, Mulroy, David & Cromartie, Chicago, Ill., Robert S. Cohen, Griffin, Winning, Lindner, Newkirk, Cohen & Bodewes, Springfield, Ill., for plaintiff.

W. Stanley Walch, Robert H. Brownlee, Mary K. Bennett, Thompson & Mitchell, St. Louis, Mo., James H. Bandy, Listeman, Bandy & Hamilton, Belleville, Ill., for PSL Realty Co.

Rex Carr, Cohn, Carr, Korein, Kunin, Schlichter & Brennan, East St. Louis, Ill., for Granite Investment Co. and James C. Green.

Bernard A. Reinert and Francis L. Kenney, III, Kenney, Leritz & Reinert, St. Louis, Mo., for Capitol Indemnity Corp.

Philip R. Newmark, St. Louis, Mo., for Howard Steel Construction Co.

A. L. Zimmer, Asst. Atty. Gen., Springfield, Ill. for Justices of the Illinois Appellate Court for the Fifth District and Judges of Courts of Third Judicial Circuit of Illinois.

## MEMORANDUM ORDER AND INJUNCTION

ACKERMAN, District Judge.

### I. Factual Background

This is a mortgage foreclosure action relating to several apartment complexes located in Madison, Clinton, St. Clair and Sangamon Counties of Illinois. A brief factual analysis is necessary to fully appreciate the delicate issues which now confront this Court.

As relevant here, all parties agree the properties here involved experienced grave financial difficulties. One of the defendants in this action, James C. Green, has reportedly admitted that in March of 1972 the apartments were losing about $30,000 per month. As a result of these financial problems, an action relating to the properties was filed in the Circuit Court of Madison County, Illinois, and during the course of that litigation the Federal Savings and Loan Insurance Corporation (FSLIC) was appointed by the circuit court as receiver of all the properties here involved. On appeal, however, the Illinois Appellate Court for the Fifth District ordered the receivership dissolved because the plaintiffs there had sought only ancillary and temporary relief—no attempt had been made to obtain relief on the merits of any claimed cause of action. *PSL Realty Co. v. Granite Investment Co.,* 42 Ill.App.3d 697, 1 Ill.Dec. 417, 356 N.E.2d 605 (5th Dist.1976). The case was ordered remanded to the circuit court for action relating to the receiver's final report and discharge.

Both plaintiffs and defendants in the state court proceedings filed motions asking the Illinois Appellate Court to reconsider its order in which, *inter alia,* the receivership was dissolved. While motions to reconsider were pending and before the Illinois Appellate Court's mandate issued, FSLIC purchased the mortgages on all the apartments in the receivership for a purchase price of approximately $10.5 million. Following this purchase, on August 26, 1976, FSLIC filed this mortgage foreclosure action in federal court.

By order of September 2, 1976, this Court granted FSLIC possession of the properties here involved as mortgagee in possession. That order, however, was specifically conditioned upon the mandate of the Illinois Appellate Court in dissolving the receivership becoming effective. That mandate of the Illinois Appellate Court effectively dissolving the receivership was issued on October 13, 1976, and FSLIC took possession of the properties as mortgagee in possession under the auspices of this Court at that time. This fact was recognized in the Madison County Circuit Court's order of April 13, 1977 when that court stated "that foreclosure proceedings have been filed upon properties presently the subject matter of this receivership and said properties are now possessed by FSLIC, as mortgagee, in the Federal Court." Since the dissolution of the receivership, this Court has entertained several weeks of proceedings, including both testimony of witnesses and oral argument by counsel, in what has obviously evolved into an extremely complicated foreclosure action. FSLIC remains in possession of the properties as the mortgagee in possession of this Court.

## II. Current Controversy

The current controversy before this Court stems from an order of the Illinois Appellate Court for the Fifth District entered on September 13, 1979. The case was there before the Appellate Court for consideration of matters relating to the receiver's final report and discharge. In its opinion, the Appellate Court, speaking through Justice Charles E. Jones, condemns as "reprehensible" the actions of FSLIC in purchasing the mortgages and filing this foreclosure action while it was serving as receiver of the properties for the state court. The Appellate Court orders the case remanded to the Circuit Court of Madison County, Illinois with directions for that court to enter an order requiring that FSLIC reconvey the property to its predecessor before it can be discharged as the court's receiver. Further, FSLIC is denied all fees and compensation for its services as receiver because of its "misconduct and indiscretions incompatible with its position as an officer of the [state] court."

On September 24, 1979, this Court heard arguments related to the effect, if any, of the Appellate Court's September 13 order upon this Court's ability to proceed in this action. By order of September 26, 1979, after careful consideration of the pleadings, oral arguments and applicable law, this Court found that it had properly acquired jurisdiction of this foreclosure action and indicated that it was therefore incumbent upon this Court to protect that jurisdiction.

This Court recognized in its September 26 order the wisdom and necessity of the well-established rule of law providing that "when a court of competent jurisdiction has obtained possession, custody or control of property, that possession may not be disturbed by any other court." 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3631, at 6 (1976). *See, e. g., Palmer v. Texas,* 212 U.S. 118, 129–30, 29 S.Ct. 230, 53 L.Ed. 435 (1909). However, I found that this principle did not preclude this action in this court under the facts here presented. *Accord, Doyne v. Saettele,* 112 F.2d 155 (8th Cir. 1940).

I specifically rejected the contention that because a final accounting of the state court receiver was outstanding, and therefore the receiver had not been discharged, this Court could not exercise its jurisdiction over the subject matter of this action. Rather, I there found the telling factor to be the control of the property. *See Ryan v. First Pennsylvania Banking & Trust Co.,* 519 F.2d 572, 575 (3d Cir. 1975). I further found that the state courts had relinquished all control or possession of the properties on October 13, 1976 when the Illinois Appellate Court mandate dissolving the receivership issued. At that point, in accordance with this Court's order of September 2, 1976, this Court assumed jurisdiction over the properties and FSLIC took possession as mortgagee in possession.

Thus, this Court did not interfere with the state court's jurisdiction over the properties here involved so as to violate the rule requiring that only one court control the

property. Instead, this Court exercised its jurisdiction over the property when the state courts had relinquished such control with the dissolution of the receivership, notwithstanding the fact that a final report of the receiver remained outstanding.

Finally, in this Court's September 26 order, this Court indicated its reluctance to enter into a conflict with its sister courts of the State of Illinois. At the same time, however, it was made abundantly clear that this Court believed it had jurisdiction of this action and all necessary steps would be taken to protect that jurisdiction.

Substantial problems are presented by the "Order for Stay" entered by the Illinois Appellate Court on September 26, 1979. While purporting to recognize that court's inability to limit the jurisdiction of this Court, the Illinois Appellate Court proceeds to effectively enjoin FSLIC and PSL Realty Company, both of which are parties here, from proceeding with this action in the federal court. The Appellate Court's action is premised on the tenet that the state court controls its own receiver, an officer and arm of that court. The crucial inquiry here presented is whether this state court action improperly impinges upon the jurisdiction of this Court.

### III. Analysis

First, counsel for defendants James C. Green and Granite Investment Company urges this Court to reconsider its September 26 order finding that this Court has jurisdiction over the subject matter of this cause. This motion is grounded upon the precept, earlier rejected by this Court, that because the state court receiver has not yet been discharged, that court retains first and therefore exclusive jurisdiction of the property here involved. *See* 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3631, at 6 (1976); *Palmer v. Texas*, 212 U.S. 118, 129–30, 29 S.Ct. 230, 53 L.Ed. 435 (1909).

Having once again carefully considered the issues here involved in light of the applicable law, I conclude the defendants' motion must be denied and hereby reaffirm the findings of this Court's order of September 26 for the reasons stated therein and briefly reiterated above. In so ruling, I note the distinguishing factors which counsel suggests renders *Doyne v. Saettele*, 112 F.2d 155 (8th Cir. 1940), inapposite, but nevertheless adhere to the analogy between the two cases. Again I emphasize the controlling factor and the basis for the *Palmer* rule, control over the property, is absent in the state court proceedings here following the Illinois Appellate Court's dissolution of the receivership.

To hold this Court lacks jurisdiction as suggested by counsel for James C. Green and Granite Investment Company would prove untenable. Such a determination would mean that no court was exercising control over the properties here involved, but would also preclude FSLIC from foreclosing on the allegedly defaulted mortgages. This is true despite the fact FSLIC, the owner of the mortgages, had invested substantial amounts of money into the failing properties in an effort to make them succeed. This would mean, in effect, that the properties were beyond reach of the mortgage holder because of its "reprehensible" conduct, even though the mortgages were allegedly in default.

This anomaly is highlighted by the fact that counsel for defendants Green and Granite Investment Company apparently filed on September 28 a petition in state court seeking an order finding FSLIC and PSL Realty Company in contempt of that court for proceeding with this foreclosure action. In light of this Court's September 26 order, and especially in light of this Court's September 24 discussion with counsel of the suggestion that the parties here may be subject to contempt in state court for proceeding here, I find this action by counsel, if true, to be a direct affront to the jurisdiction of this Court. Such actions themselves might be labeled reprehensible but, whatever the label, will not be countenanced by this Court. However, in light of this order and the fact that the parties here have not been irreparably harmed, no action will be taken by this Court at this time. Counsel is duly warned, however, that any

similar conduct in the future will be dealt with summarily by this Court.

I note, parenthetically, that all of the facts relating to this foreclosure proceeding, including the conduct of FSLIC which the Illinois Appellate Court has found to be reprehensible, are before this Court. It is up to this Court, not the state courts, to determine whether the federal party can proceed with this foreclosure proceeding. This Court will make the necessary determinations after considering all of the evidence here involved. Without intimating any view on the merits of this question, I note there is apparently at least grounds for dispute as to the impropriety of these acts based upon the fact that the Circuit Court of Madison County originally approved the receiver's final report, although the same actions now said to be "reprehensible" were also presented to that court. Further, I believe there is a serious question as to whether, after the outlay of millions of dollars, FSLIC could, even if it so desired, simply walk away from this action and thereby, in effect, forfeit the properties to the parties who are alleged to be in default under the mortgages.

Finally, this Court takes little consolation from counsel's suggestion that FSLIC's alternative to its "reprehensible" conduct was simply to ask the state court to approve its actions in purchasing and foreclosing on the mortgages. First, the Illinois Appellate Court had ordered the receivership dissolved and, as discussed above, thereby relinquished control of the properties. Further, in light of the Appellate Court's order of September 13, this would apparently have been a futile task. In any event, as stated above, I believe a determination of whether FSLIC can proceed with this foreclosure action is a matter for this Court's consideration, not that of the state court.

IV. Protection of this Court's Jurisdiction

For the foregoing reasons and based upon the rationale of this Court's order of September 26, 1979, this Court remains convinced that it has properly acquired jurisdiction of this foreclosure action. Given this finding, it is now incumbent upon this Court to protect that jurisdiction even if, as is apparently true in this case, a party or another court disagrees with this determination. This Court necessarily has the power to determine its own jurisdiction. See *Fauntleroy v. Lum*, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908). If parties or others subject to this Court's orders disagree with this Court's conclusion, their remedy is to appeal and they cannot be allowed to simply pursue other avenues in conflict with this Court's orders. They must either abide by this Court's order or appeal.

First, it is clear to me that recent events in the Illinois Appellate Court for the Fifth District do in fact impinge upon this Court's jurisdiction. For example, the contempt petition reportedly filed in the state court amply illustrates the untenable predicament confronting FSLIC and PSL Realty Company. If they choose to proceed with this action, which is properly before this Court, these parties face the potential of being held in contempt of the state court. Certainly the real possibility of facing contempt charges chills the participation of those parties in this proceeding. Further, the Appellate Court's order of September 13, 1979, ordering FSLIC to reconvey the properties, though apparently not yet final, arguably impinges upon this Court's jurisdiction which is based upon the status of the federal entity, FSLIC, as a party.

Certainly the Illinois Appellate Court's order of September 26, 1979, is a direct attempt to limit the proceedings in this Court. FSLIC and PSL Realty Company, parties to this action, are there effectively enjoined from proceeding in this action. Further, FSLIC is precluded by that order from transferring the properties which I have found to be within the jurisdiction of this Court, although as noted above the Appellate Court's order of September 13 directs FSLIC to reconvey the property to its predecessor. Finally, title to the property under the control of this Court may have already been clouded by the recording of the Appellate Court's order of September 26 in each of the Illinois counties in which this property is located in accordance with that court's order.

I note also that, as if the above infringements upon this Court were not enough, this Court has lost two weeks of trial time which had been set aside specifically for this foreclosure action. This fact alone would justify action by this Court to protect its jurisdiction.

Having thus found that this Court properly has jurisdiction of this action, and that this jurisdiction is being improperly impinged upon, the question becomes what needs to be done to eliminate this interference and thereby allow this action to proceed. As indicated in this Court's order of September 26, the power of this Court to protect its jurisdiction under these circumstances derives from two sources.

First, somewhat ironically, the rule illustrated by *Palmer v. Texas* discussed above and relied upon by counsel for Green and Granite Investment Company in support of the argument for exclusive state court jurisdiction now applies to protect this Court's jurisdiction in dealing with the subject matter of this case. That is, based upon this Court's determination that jurisdiction is proper here, this Court's possession of the property is exclusive and may not be disturbed by any other court. *See generally,* 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3631, at 6 (1976). *See Toucey v. New York Life Insurance Co.,* 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100 (1941); 1A (pt. 2) *Moore's Federal Practice* ¶ ¶ 0.214–0.218 (1979). Secondly, a specific provision of the United States Code empowers this Court to enjoin state court proceedings where such action is necessary in aid of the federal court's jurisdiction. 28 U.S.C § 2283. *See generally,* 1A (pt. 2) *Moore's Federal Practice* ¶ ¶ 0.208[3.–1], [3.–4] (1979).

Having afforded due regard to the general principle that state judicial proceedings should be free from federal interference if at all possible, I nevertheless conclude that an injunction of the state court proceedings is required in this case to effectuate this Court's jurisdiction. I enter this order most reluctantly because of my high regard for my colleagues on the state courts of Illinois. However, I do so only because I am left with no alternative.

## V. Injunctive Relief

Accordingly, IT IS HEREBY ORDERED that Justices Charles E. Jones, John Karns, and George W. Kasserman, Jr., and all other justices of the Illinois Appellate Court for the Fifth District, and all parties to this action, together with their officers, agents, servants, employees, and attorneys as well as persons acting in their stead or in active concert or participation with them, including judges of the state courts of Illinois, who receive actual notice of this order, by personal service or otherwise, are hereby enjoined from taking any action, without prior written permission of this Court, which in any way, directly or indirectly, impinges upon, limits, or otherwise interferes with the jurisdiction of this Court in this cause, including but not limited to:

1. Enforcing or attempting to enforce the "Order for Stay" entered by Justice Charles E. Jones of the Illinois Appellate Court for the Fifth District on September 26, 1979 in *PSL Realty Co. v. Granite Investment Co.,* No. 77–125 or any prior or subsequent order relating to the subject matter of said order;

2. Enforcing or attempting to enforce the order entered by Justice Jones, with Justices Kunce and Kasserman concurring, in the Illinois Appellate Court for the Fifth District on September 13, 1979 in *PSL Realty Co. v. Granite Investment Co.,* No. 77–125;

3. Restraining, limiting or otherwise preventing the parties and attorneys in this action before this Court, for any reason whatsoever, from further proceeding with this cause, by use of contempt proceedings, trial, fine, punishment, imprisonment or by means of any other sanction whatsoever.

IT IS FURTHER ORDERED that the parties to this action and those individuals subject to the above-referenced injunction shall SHOW CAUSE, if any there be, why this injunction should not be made permanent at a hearing to be held on Thursday, Octo-

ber 11, 1979, at 3:00 p. m., in the United States District Court at Springfield, Illinois. At that hearing, this Court will also address the issue of whether the scope of this injunction need be broadened or narrowed in order to accomplish its purpose.

IT IS FURTHER ORDERED that a copy of this order be personally served upon the parties to this action, or their attorneys, in open court on Wednesday, October 3, 1979.

IT IS FURTHER ORDERED that the United States Marshal shall forthwith cause a true copy of this injunction and order to be personally served upon each of the above-named Justices of the Illinois Appellate Court for the Fifth District, and upon all other Justices of the Illinois Appellate Court for the Fifth District by delivering a true copy of this injunction and order to the Honorable Walter Simmons, Clerk of said Appellate Court in Mt. Vernon, Illinois, and upon all judges of the Third Judicial Circuit of Illinois by delivering a true copy of this injunction and order to Chief Circuit Judge Victor J. Mosele in Edwardsville, Illinois.